**FILED**

**MARCH 25, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED

JAN 08 2008
JAN 08 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

United States of America ex rel. )
)
WILLIE NORWOOD – A-72676 )
(Full name and prison number) )
(Include name under which convicted) )
)
PETITIONER )
)
vs. )
)
TERRY L. McCANN )
(Warden, Superintendent, or authorized )
person having custody of petitioner) )
)
RESPONDENT, and )
)
(Fill in the following blank **only** if judgment )
attacked imposes a sentence to commence )
in the future) )
)
ATTORNEY GENERAL OF THE STATE OF )
)
_____ )
(State where judgment entered) )

CASE NO: _____
(Supplied by Clerk of this Court)

08CV159
JUDGE CASTILLO
MAGISTRATE JUDGE KEYS

Case Number of State Court Conviction:

83 C 6076

### PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: Willie Norwood, Stateville C.C.,
P.O.Box 112, Joliet, Illinois

2. Date of judgment of conviction: June 27, 1984

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
Armed Robbery,   Rape,   , Home invasion,

4. Sentence(s) imposed: Life imprisonment

5. What was your plea? (Check one)   (A) Not guilty   (X )
(B) Guilty   ( )
(C) Nolo contendere   ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

N/A

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):     Jury (XX)          Judge only (  )

2. Did you testify at trial?    YES ( X )          NO      (  )

3. Did you appeal from the conviction or the sentence imposed? YES (X)  NO (  )

   (A) If you appealed, give the  Appellate Court, First District

        (1) Name of court:   Chicago, Illinois

        (2) Result:   Affirmed

        (3) Date of ruling:   September 23, 1985

        (4) Issues raised:   Rule 23 Issued by the court

   (B) If you did not appeal, explain briefly why not:

                       N/A

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES (X)       NO (  )

   (A) If yes, give the

        (1) Result     Affirmed

        (2) Date of ruling:   March 28, 2007

        (3) Issues raised:   See court's records

   (B) If no, why not: _____ N/A _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes (  )   No (X)

      If yes, give (A) date of petition:   N/A    (B) date *certiorari* was denied;   N/A

2

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES (X)  NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A.  Name of court: Circuit Court of Cook County, Criminal Division

    B.  Date of filing: September 22, 1986

    C.  Issues raised: See Court record, files.

    D.  Did you receive an evidentiary hearing on your petition?    YES ( )  NO (X)

    E.  What was the court's ruling? Denied relief

    F.  Date of court's ruling: Unknown, denied

    G.  Did you appeal from the ruling on your petition?    YES (X)  NO ( )

    H.  (a) If yes,    (1) what was the result? Denied

                    (2) date of decision: Unknown

        (b) If no, explain briefly why not: 

    I.  Did you appeal, or seek leave to appeal this decision to the highest state court?

        YES (XX)  NO ( )

        (a) If yes,    (1) what was the result? Denied relief

                    (2) date of decision: March 28, 2007

        (b) If no, explain briefly why not: N/A

3

2.  With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES ( X )    NO (  )

    A.  If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.  Nature of proceeding    Relief From Judgment

        2.  Date petition filed    January 6, 2005

        3.  Ruling on the petition    Dismissed (relief denied)

        3.  Date of ruling    February 4, 2005

        4.  If you appealed, what was
           the ruling on appeal?    Dismissed

        5.  Date of ruling on appeal    July 15, 2005

        6.  If there was a further appeal,
           what was the ruling ?    Denied

        7.  Date of ruling on appeal    November 18, 2005

3.  With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?    YES (  )    NO (XX)

    A.  If yes, give name of court, case title and case number: _____

_____

    B.  Did the court rule on your petition?  If so, state

        (1)  Ruling: _____

        (2)  Date: _____

**4.  WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

**YES (  )    NO ( X )**

If yes, explain: _____

_____

## PART III — PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one   The Statute of Limitation (Ill.Rev.Stat.,1961,Ch.38, par.
Supporting facts (tell your story briefly without citing cases or law):

3-5) and the Habitual Criminal Act. (Ill.Rev.Stat.,1978, Ch.38, par.33B-1(c).)

prohibited Illinois courts from Adjudging petitioner as a habitual criiminal

and the court violated petitioner's constitutional rights when it sentence

petitioner to life imprisonment in violation of the his due process and

equal protection guaranteed under the 14th Amendment of the United States

Constitution.


(B) Ground two   Petitioner was deprived of due process and equal protection
Supporting facts:

under the law guaranteed him by the 14th Amendment of the United State

Constitution when the trial court sentence him to life imprisonment

based upon false, inaccurate, and misleading information, and did not

give him the ooportunity to refute such information.

(C) Ground three   The court deprived petitioner of equal protection under
Supporting facts:

the laws of the United States Constitution as guaranteed under the

14th Amendment when it sentence petitioner to life imprisonment

contrary to the laws and statute of Illinois.

(D) Ground four   Petitionmer was deprived of effective assistance of
Supporting facts:

trial and appellate counsel under the Sixth Amendment of the United

Constitution for counsel failure to argue and presever on appeal

petitioner's arguement of the Statute of Limitation, and the state's

failure to prove each and every element of the habitual criminal

Act., that would have made peititioner not eligible for be adjudged

as a habitual offenders.

2   Have all grounds raised in this petition been presented to the highest court having jurisdiction?
    YES (X)   NO (  )

3.   If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:

## SUPPORTING STATEMENT OF FACTS

1.)     In 1973, petitioner was indicted by the Cook County
Grand Jury under indictment number 73-3919 for the offenses of rape,
etc.. After entering a plea of guilty, he was sentenced to aterm
of imprisonment of one (1) to four (4) years in the Illinois Depart-
ment of Corrections.

2.)     Having served his sentence, petitioner was released
on parole, and that sentence and conviction expired during the year
of 1976.

3.)     During the latter portion of 1977, Illinois Legislature
enacted a law called the Mandatory Life Sentence Third or Subse-
quent Forcble Offense, which was to become effective on the date
of Feburary 1, 1978.

4.)     During the year of 1983, petitioner was indicted by
the Cook County Grand Jury, indictment number 83 C 6076 charged him
with the offenses of rape, armed robbery, and two counts of home
ibvasion.

5.)     After a trial, petitioner was ultimately convicted of
the offenses, and sentenced by the court in 1984.

6.)     For the offenses for which petitioner was convicted
under indictment number 83 C 6076, the law required the court to
sentence petitioner to a term of imprisonment in the Illinois
Department of Correction for not less than six (6) years, and not
more than thirty (30) year. (see Ill.Rev.Stat. 1983, Ch.38, par. 1005-
3-1(3).)

7.)     Before  sentencing, the Assistant State's Attorney filed
a motion entitled Petition For the Imposition of Natural Life Impris-
onment. It was the prosecution position that petitioner had two

-2-

prior felony conviction that made him ripe to be sentence as a
habitual criminal criminal, one occurring under indictment 73-3919
for the offenses of rape and bulgery, and the second conviction
under indictment number 76-3766 for the offense of murder.

8.)     Petitioner asserts that his prior conviction in 1973
and which served a a basis for the circuit court's determination
that he should be sentenced as a habitual criminal, was not a con-
viction that could be considered under the applicable version of
the Habitual Criminal Act.

9.)     Petitioner was never advised by the sentencing court
that he had a right to elect under which sentencing scheme he would
be sentenced, the court simply made that decision for petitioner
without petitioner's consent, waiver, or intellegent knowledge.

10.)     Based exclusivley upon the prosecution petition seek-
ing a life sentence, the court ignore the statutory maximum sentence
of thirty(30) years imprisonment, and sentence petitioner to life
imprisonment based upon the allege two prior convictions and sent-
ence.

11.)     Petitioner state that he has served the thirty (30)
year sentence authorized by statute, he has no other sentence to
serve, and would be entitled to immediate release from custody if
this court agrees with this petition. (see Ill.Rev.Stat.,1983,
Ch.38, par. 1005-8-1(3) and Ill.Rev.Stat.,1978, Ch.38, par. 33B-1(c).)

12.)     Petitioner has sought on numerous occsions, either
through direct appeals or collateral proceedings to attack his cur-
rent sentence as being void, each time Illinois courts have summar-
ily dismissed his petition without hearing them, or requiring the
State to either answer the merit of the claim or move to dismiss
his petition. (see attached exhibit No. 1-37  )

-3-

13.)    Petitioner states that Illinois court has denied him equal protection under the law as guranteed by the 14th Amendment of the United States Constitution, where it regularly, arbitrarily, and capriciously deprive petitioner of the same rights that it afford and give others under the state statutes and law of the highest court of Illinois. Petitioner, upon information and belief, believe this is because petitioner is a black person, without the resources in which to fight for his rights.

14.)    Petitioner now bring this petition before this court asking that it hear this petition on its merits of the claim because Illinois courts have violated his right both under the due process clause and the equal protection clause of the 14th Amendment of  the United States Constitution, where Illinois courts repeated fails to acknowledge the laws of its own statute. (see Ill. Rev.Stat.,1961, Ch.38, par. 3-5(a) and (c).), which barrs the use of a prior conviction, in this case, 73-3919, for the purposes of enhancing his new sentence.

15.)    In Illinois, the Statute of limitation for the offense of rape is three year, after that time, no prosecution was open to the state. (Ill.Rev.Stat.,1961, Ch.38, par. 3-5(b).) The recent case of Detective Burge, accused of beating statements out of prisoners of a prime emaple, only Burges is a white person, and defendant is a black person.

16.)    Petitioner states that he has a vested right in under Illinois Statute of limitations period, the same as every other person who raise the defense and seek the protection of the law. Yet, Illinois court have regularly and repreatedly denied petitioner the same rights by refusing to hear the merits of his claims, while  affording others this right.

17.)    In 1978, when Illinois enacted the Mandatory Life Sentence Third or subsequent Forcible Offense, it stated in pertinent part:

-4-

"33B-1.    (a)    Every person who has been
convicted in this state of either of the crimes
of treason; murder; rape, deviate sexual assault;
armed robbery; aggravated arson; or aggravated
kidnapping for raonsom, and is thereafter con-
victed of anyone of such crimes, shall be ad-
judge a habitual criminal and be imprisoned in
the penitentiary for life. The 2 prior convict-
ions need not have been for the same crime. A
person so adjudged shall not receive any other
sentence, or ever be eligible for release.

(c)    This article shall not apply unless (1)
the first felony was committed after the effect-
ive date of this Act; and (2) the second felony
was committed after conviction on the first;
and (3) the third felony was committed after
conviction on the second." (see Ill.Rev.Stat.,
1978, ch.38, par.33B-1(a) and (c).)

18.)    When Illinois legislative enacted 33B-1 into law,
they never intended the Act to be retroactive, it was intended
only to be prospective. (see Ch.38, par. 33B-1(c).) For even they
releazied that a defendant has other rights to be concern with.
(see Ill.Rev.Stat.,1961, Ch.38, par. 3-5.)

19.)    Statutory construction of the Act remains the same.
It has never been deleted, replead, or altered in any meaningful
way or manner, section (c) remains at the time of petitioner's
sentencing as it was when first written into law. Only "offenses
occuring after the date of Feburary 1, 1978" would trigger the
Act.

20.)    In 1983, at the time of the current sentence, the
court choice to ignore the plain language of the statute, which
in pertinent part read:

"(d)    This Article shall not apply unless
each of the following requirements are satis-
fied:

(1)    the third offense was committed after
the effective dat of this Act." (see Ill.Rev.Stat.,
1983, ch.38, par. 33B-1(d)(1).)

-5-

21.)    Changing the sequence of the original bill in 1983
statute did nothing except the focus on when the third offense must
occur, it does not alter in any way, the first offense, which must
begin or start, for the legislature made it perfectly clear in the
original Act that the First Felony offense had to occur on or after
the dtae of Feburary 1, 1978. (see Ill.Rev.Stat.1978, Ch.38, par.
33B-1(C); Ill.Rev.Stat.1983, par.34-3, Saving  provisions-Contin-
uation of prior Statutes.)

22.)    The process by which the court enhance and sentence
petitioner to life imprisonment on his current sentence was based
upon false, and inaccuirate material given to it by the prosecution.

23.)    The prosecution made the allegation that petitioner
had twice been convicted and sentence for two prior felony offenses,
yet, the State did not present a record showing the court dates or
even present the transcripts under indictment no. 73-3919 as requ-
ired by law.

24.)    Petitioner states that the court had no jurisidction,
the process was clearly defective and not authorized under Illinois
law, and the petitioner is being held in custody illegally, and in
violation of his rights to due process and equal protection under
the Fourteenth Amendment of the United States Constitution.

25.)    Petitioner states that he was deprived of effective
assistance of trial counsel where trial counsel failed to argue be-
fore the circuit court that the Statute of limitations prohibited
the state from introducing evidence of his prior convictions that
was time-barred, and the failure to prove each and every element
of habitual statute that would make petitioner eligible under the
habitual statute to have his sentence enhance to life imprisonment.

26.)    Petitioner alleges that he was deprived of effective
assistance of appellate counsel for his failure to arge and raise

-6-

on direct appeal ineffective of trial counsel, preserve the
issue of Illinois Statute of limitation, and the failure of the
state to prove each and every element of 33B-1.

27.)    The constitutional error raise by petitioner show that
the error underminded the accuracy of the sentencing determination-
ation, resulting in a "serious miscarriage of justice," and showing
that petitioner is "actually innocent" of the facts that he is
indeed a habitual criminal, and to have his current sentence enhance
beyond the statutory maximum of thirty (30) years, to life impris-
onment.

28.)    Petitioner believe that he is entitled to a full and
fair opportunity to a fact-int ensive hearing, on the merits, of
the constitutionally of his prior conviction where it was incor-
porated into a new, enhance sentence, and to have the records,
transcripts brought into court.

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _unknown_

(B) At arraignment and plea _MR. James E. Kissel        2650 So. Calfornia, chicago, Ill_

(C) At trial _MR. JAMES E. Kissel, MR. Patrick Morse, 2650 So. California, Chicago, Ill_

(D) At sentencing _MR. JAMES E. kissel, MR. Patrick Morse, MR. Richard ConNors, 265 So. Culfornia, chicago, Ill_

(E) On appeal _MR. James E. Kissel, MR. Patrick Morse, 2650 So. Calfornia, chicago, Ill_

(F) In any post-conviction proceeding① _MR. JAMES H. Reddy, 403 Richard J. Daley center, chicago, Ill_

(G) Other (state): _____

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (✗)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _1-3-08_
(Date)

_____
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_Willie Norwood_
(Signature of petitioner)
_A-72676_
(I.D. Number)
_P.O. Box 112, Joliet, Illinois 60434-0112_
(Address)

REVISED 01/01/2001

7

EXHIBIT NO. 1-87

**FILED**

NO. 05-0519 | 05-2682 Cons.   APPELLATE COURT 1st DIST.

IN THE

NOV 2 7 2006

APPELLATE COURT OF THE STATE OF ILLINOIS

FIRST JUDICIAL DISTRICT

**STEVEN M. RAVID**
**CLERK**

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the Circuit Court |
|     Plaintiff-Appellee, ) | of Cook County, First District, |
| ) | First Division, Case No. 1-05- |
| ) | 0519 & 1-05=2682. |
|    -vs- ) | |
| ) | |
| WILLIE NORWOOD, ) | Joseph S. Kazmierski, Jr. |
|     Defendant-Appellant. ) | Judge Presiding |

PETITION FOR REHEARING

TO THE HONORABLE JUSTICES OF THE APPELLATECOURT:

May it Please the Court:

On an around the 13th of November, 2006, defendant received the mail notice of his appeal informing him that it had been aff- irmed. Defendant now ask this court to reconsider that decision, and permit him to have his day in court, to permit him to file his own appeal in accordance with the law of this land.

The Office of the Cook County Public Defender, which had been appointed to file an appeal on behalf of defendant, file a motion under Pennsylvania -v- Finley, 481 U.S. 551, 95 L.Ed.2d 539, 107 S.Ct. 1990 (1987), asking this court to WITHDRAW because they found no meritorious issues to raise, defendant thereafter file a Response to said motion. The notice of affirmance that defendant received from the court stated only that the denial of the appeal was AFFIRMED, stating that further that "We have carefully reviewed the record in this case, the aforesaid motion and defendant's re- spone in compliance with the mandate of Finley decision and agree with counsel's assessment. The motion of the Office of the Public Defender for leave to withdraw as counsel is allowed." Defendant strongly disagree with this court decisions, and states that he

-2-

has Constitutional Right be heard by courts and to file his Appeal since he has no right to an attorney during his State Habeas Corpus proceedings because they are civil in nature. Adrock -v- Snyder, 281 Ill.Dec. 515, 345 Ill.App.3d 1095, 804 N.E.2d 141.

The question posed to this court by defendant's attorney was whether or not to allow them to withdrawn or appoint another attorney to represent defendant, and in the end, to issue an order allowing petitioner to proceed on appeal pro se. This court has the authority under the Finley decision to allow the attorney to withdraw as defendant's attorney, but this court does not have the legal attorney under the Constitution of this country to deny defendant his right of access to the court. But this court did not to day, it simply affirmed the decision, depriving defendant of any chance of appealing his case.

WHETHER OR NOT THE LOWER COURT DEPRIVED PETITIONER OF NOTICE AND AN OPPORTUNITY TO RESPOND? The answer is clearly yes it did, and as result, under the due process clause of the 14th Amendment to the United States Constitution, defendant had every right to feel as though this court would have reversed the lower's court dismissal, and sent it back for further proceedings.

In Lugo -v- Keane, 15 F.3d 29 (2nd Cir.1994) the court held that ("No principle is more fundamental to our system of judicial administrations than that a person is entitled to notice before adverse judicial action is taken against him," at 30 (citation omitted); "Althought Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provide for a sua sponte dismissal of habeas petition on the merits, to be followed by notice, see also 28 U.S.C, section 1915(d) (1988) (providing statutory notice of possible sua sponte dismissal of pro se action on the ground of frivolity or malice), there is no provision in Ruel 4 for a sua sponte dismissal of a heabeas petition on the ground of abuse of the writ. In civil matters, we have held that the district court has the power to enter sua sponte an injunction against abuse of the litigation process. . . . But we have ruled that such an injunction must be vacated if it was entered without notice and an opportunity to oppose. . . . In the context of successive petitions for habeas corpus, we have likewise indicted that it is improper for the district court to dismiss the petition sua sponte without such notice. This in Gayle -v- Mann, 966 F.2d 81 (2nd Cir.1992), after determining that the matter must be

-3-

remaned on its merit, we also noted that 'the district court dis-
miss Gayle's habeas petition without notice', and that 'Gayle
should have been given an opportunity to show that he did not know
of the present ground at the time of his prior petition'," at 30-
31 (citation omitted); We conclude that a distict court may not
properly dismiss a habeas petition on the ground of abuse of writ
without providing the petitioner with notice of the proposed dis-
missal and an opportunity to be heard in opposition. Since in the
present case the district court afford Lugo neither notice nor an
opportunity to be heard, the  dismissal for abuse of the writ was
improper, and the judgment must be vacated. On remand, both parties
should be given notice, and Lugo should be given an opportunity
to  avoid dismissal for abuse of writ by meeting the standards set
forth in McCleskey -v- Zant, 499 U.S. 467 (1991)," at 31;"  As to
the question of whether the district court has the power to raise
the matter of abuse of the writ sua sponte and, after giving the
petitioner notice and an opportunity to be heard, to dismiss the
petition on that ground, the answer is not entirely clear. Though
we think a court should have that power, the Supreme Court has des-
cribed abuse of the writ as a matter to be raised by the respondent.
See McCleskey -v- Zant, 111 S.Ct. at 1470 ("when a prisoner files
a second or subsequent application, the government bears the burden
of pleading abuse of the writ . . . with clarity and particularity");
Sanders -v- United States, 373 U.S. 1, 10-11(1963). See also Gayle
-v- Mann, 966 F.2d at 85 ("the district court disregarded the states
failure to plead abuse of the writ because McClesky was handed down
after the state's response was filed") . . . On the other hand, the
McClesky  Court made clear that the state's burden is one of plead-
ing, not proof, as it stated that after the facts supporting the
abuse-of-the-writ contention have been asserted clearly and with
particularity, the "burden to disprove  abuse then becomes petit-
ioner's." 114 S.Ct. at 1470," at 31(citations omitted); "Soince
in the present case Lugo received no notice or opportunity to be
heard prior to the dismissal of his present petition, the matter
must be remanded for further proceedings whether or not the court
had the power to raise the abuse-of-the writ issue sua sponte.
Accordingly, we leave resoluation of thelatter question for another
day. If on remand the State itself chosses not to argue abuse of
the writ in the present case, the question of whether the district
court could properly raise that question sua sponte may be argued
in any appeal to this Court following the entry of Final judgment.
at 31.

     See also: Femia -v- United States, 47 F.3d 519, 522 (2nd Cir.
1995)("We believe the rule set forth in Lugo applies  with equal
force when the petition is brought under Section 2255.");  Urdy
-v- McCotter, 773 F.2d 652, 656 (5th Cir.1985)("[A]dequate notice
must inform the petitioner: (1) that dismissal is being considered;
(2) that dismissal will be automatic if there is no response that
explains his failure to raise new grounds in a prior petition; and
(3) that in order to avoid dismissal the petitioner must present
to the court facts rather than opinions or conclusions."); Jones

3

-3-4-

-v- Estelle, 692 F.2d 380 F.2d 380, 384 (5th Cir.1982)(a Petitioner must be given at least to day to explain why his repetitive petition deserves reconsideration or why he failed to raise new grounds in a prior petition; he must be specifically informed that his explaination must consist of facts, rather than opinion or conclusions, and that dismissal will be automatic if he fails to give sufficient reasons); Robinson -v- Fairman, 704 F.2d 368, 370-71 (7th Cir.1983)("Petitioner here was deprived of an opportunity to respond to the allegation of abuse because representation by appointed counsel was not merely ineffective, but entirely absent. Petitioner would have been better off under the circumstances had the court not appointed counsel for him. His counsel's inaction on the motion to dismiss and apparent failure even to communicate with petitioner, coupled with the lack of notice to petitioner personally of the respondent's motion, prevented petitioner from proceeding pro se and meeting his burden under Rule 9(b). The total of advocacy on the part of petitioner's appointed counsel falls far short of minimum professional Standars," at 371.); Hill -v- Linahan, 697 F.2d 1031, 1034(11 th Cir.1983)(Petitioner is entitled both to notice that the state's request for a Rule 9(a) dismissal would be treated as a motion for summary judgment and to an opportunity to respond).

See also: People -v- Winfrey, 283 Ill.Dec. 623, 347 Ill.App. 3d 987, 808 N.E.2d 589 (2nd Dist.2004)(habeas corpus statute did not authorize trial court to summarily deny habeas corpus petition, and trial court's failure to give defendant notice of and an opportunity to respond to denial of petition was inherently prejudicial.); See also, defendant's Response to Finley motion submitted by counsel requesting without drawal..

Defendant file this petition for the sole purpose of having this court reverse its prior decision or in the alternative amending its decision to include that petitioner has a right to proceed on appeal without the assistance of counsel. This court has the authority to let counsel withdraw under the Finley decision, but thiscourt does not have the right to take away defendant right of access to the court or deprive him of said right.

Defendant petition does indeed state numerous meritorious claims upon which relief can be granted, and the one at this stage outweighing them all is defendant right to Notice and an Opportunity to Respond.

Wherefore, defendant ask this court to reconsider its decision

-5-

and hold that counsel is allowed to withdraw, and that defendant
may proceed pro se, and setting a date for filing.

Respectfully submitted,

_Willie Norwood_

Defendant (pro se)

Willie Norwood
P.O.Box 112 - #A-01681
Stateville Correctional Center
Joliet, Illinois 60434

Subscribed & affirmed
before me this 20th
day of November, 2006

"OFFICIAL SEAL"
JILL E. HOSSELTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/16/09

5

NO.

IN THE
APPELLATE COURT OF THE STATE OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, )<br>    Plaintiff-Appellee,  )<br>                         )<br>        -vs-             )<br>                         )<br>                         )<br>WILLIE NORWOOD,          )<br>    Defendant-Appellate. ) | Appeal from the Circuit Court<br>of Cook County, First Dist.,<br>First Div., No. 1-05-0519 &<br>1-05-2682.<br><br>Indictment No. 83-C-6076<br><br>Joseph Kazmierski, Jr.<br>Presiding Judge |

## NOTICE AND PROOF OF SERVICE

TO:    Richard Devine - State's Attorney of
       Cook County
       309 Daley Center
       Chicago, Illinois 60602

Please be advised that on this 20 day of Nov    , 20 06 ,
I have cause to be mailed to the clerk of the above entitled
court the attached document entitled: PETITION FOR REHEARING, along
with three additional copies, and one copy on the opposing attorney,
postage fully prepaid, by placing the same into the hands of State-
ville Correctional Official to be placed in the U.S.Mail chute.

Respectfully submitted,

_Willie Norwood_
Petitioner (pro se)

Willie Norwood
P.O.Box 112 - #A-72676
Stateville Correctional Center
Chicago, Illinois 60434

Subscribed and sworn to
before me this 20th day of November , 20 06 .
Notary Public _____
My Commission Expires  3-16-09       , 20 ____ .

"OFFICIAL SEAL"
JILL E. HOSSELTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/16/09

6

NO.

IN THE

APPELLATE COURT OF THE STATE OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,) | Appeal from the Circuit Court |
| Plaintiff-Appellee, ) | of Cook County, First District, First Division, Case No. 1-05- |
| ) | 0519 & 1-05=2682. |
| -vs- ) | |
| ) | |
| WILLIE NORWOOD, ) | Joseph  S. Kazmierski, Jr. |
| Defendant-Appellant. ) | Judge Presiding |

PETITION FOR REHEARING

TO THE HONORABLE JUSTICES OF THE APPELLATECOURT:

May it Please the Court:

On an around the 13th of November, 2006, defendant received the mail notice of his appeal informing him that it had been  affirmed. Defendant now ask this court to reconsider that decision, and permit him to have his day in court, to permit him to file his own appeal in accordance with the law of this land.

The Office of the Cook County Public Defender, which had been appointed to file an appeal on behalf of defendant, file a motion under Pennsylvania -v- Finley, 481 U.S. 551, 95 L.Ed.2d 539, 107 S.Ct. 1990 (1987), asking this court to WITHDRAW because they found no meritorious issues to raise, defendant thereafter file a Response to said motion. The notice of affirmance that defendant received from the court stated only that the denial of the appeal was AFFIRMED, stating that further that "We have carefully reviewed the record in this case, the aforesaid motion and defendant's respone in compliance with the mandate of Finley decision and agree with counsel's assessment. The motion of the Office of the Public Defender for leave to withdraw as counsel is allowed." Defendant strongly disagree with this court decisions, and states that he

7

-2-

has Constitutional Right be heard by courts and to file his Appeal
since he has no right to an attorney during his State Habeas Cor-
pus proceedings because they are civil in nature. Adrock -v-
Snyder, 281 Ill.Dec. 515, 345 Ill.App.3d 1095, 804 N.E.2d 141.

The question posed to this court by defendant's attorney
was whether or not to allow them to withdrawn or appoint another
attorney to represent defendant, and in the end, to issue an
order allowing petitioner to proceed on appeal pro se. This court
has the authority under the Finley decision to allow the attorney
to withdraw as defendant's attorney, but this court does not have
the legal attorney under the Constitution of this country to deny
defendant his right of access to the court. But this court did
not to day, it simply affirmed the decision, depriving defendant
of any chance of appealing his case.

WHETHER OR NOT THE LOWER COURT DEPRIVED PETITIONER OF NOTICE
AND AN OPPORTUNITY TO RESPOND? The answer is clearly yes it did,
and as result, under the due process clause of the 14th Amendment
to the United States Constitution, defendant had every right to
feel as though this court would have reversed the lower's court
dismissal, and sent it back for further proceedings.

In Lugo -v- Keane, 15 F.3d 29 (2nd Cir.1994) the court
held that ("No principle is more fundamental to our system of jud-
icial administrations than that a person is entitled to notice
before adverse judicial action is taken against him," at 30 (cit-
ation omitted); "Althought Rule 4 of the Rules Governing Section
2254 Cases in the United States District Courts provide for a sua
sponte dismissal of habeas petition on the merits, to be followed
by notice, see also 28 U.S.C, section 1915(d) (1988) (providing
statutory notice of possible sua sponte dismissal of pro se
action  on the ground of frivolity or malice), there is no pro-
vision in Ruel 4 for a sua sponte dismissal of a heabeas petition
on the ground of abuse of the writ. In civil matters, we have
held that the district court has the power to enter sua sponte
an injunction against abuse of the litigation process. . . . But we
have ruled that such an injunction must be vacated if it was entered
without notice and an opportunity to oppose. . . . In the context
of successive petitions for habeas corpus, we have likewise indict-
ed that it is improper for the district court to dismiss the pet-
ition sua sponte without such notice. This in Gayle -v- Mann, 966
F.2d 81 (2nd Cir.1992), after determining that the matter must be

-3-

remaned on its merit, we also noted that 'the district court dis-
miss Gayle's habeas petition without notice', and that 'Gayle
should have been given an opportunity to show that he did not know
of the present ground at the time of his prior petition'," at 30-
31 (citation omitted); We conclude that a distict court may not
properly dismiss a habeas petition on the ground of abuse of writ
without providing the petitioner with notice of the proposed dis-
missal and an opportunity to be heard in opposition. Since in the
present case the district court afford Lugo neither notice nor an
opportunity to be heard, the dismissal for abuse of the writ was
improper, and the judgment must be vacated. On remand, both parties
should be given notice, and Lugo should be given an opportunity
to avoid dismissal for abuse of writ by meeting the standards set
forth in McCleskey -v- Zant, 499 U.S. 467 (1991)," at 31;" As to
the question of whether the district court has the power to raise
the matter of abuse of the writ sua sponte and, after giving the
petitioner notice and an opportunity to be heard, to dismiss the
petition on that ground, the answer is not entirely clear. Though
we think a court should have that power, the Supreme Court has des-
cribed abuse of the writ as a matter to be raised by the respondent.
See McCleskey -v- Zant, 111 S.Ct. at 1470 ("when a prisoner files
a second or subsequent application, the government bears the burden
of pleading abuse of the writ . . . with clarity and particularity");
Sanders -v- United States, 373 U.S. 1, 10-11(1963). See also Gayle
-v- Mann, 966 F.2d at 85 ("the district court disregarded the states
failure to plead abuse of the writ because McClesky was handed down
after the state's response was filed") . . . On the other hand, the
McClesky Court made clear that the state's burden is one of plead-
ing, not proof, as it stated that after the facts supporting the
abuse-of-the-writ contention have been asserted clearly and with
particularity, the "burden to disprove abuse then becomes petit-
ioner's." 114 S.Ct. at 1470," at 31(citations omitted); "Soince
in the present case Lugo received no notice or opportunity to be
heard prior to the dismissal of his present petition, the matter
must be remanded for further proceedings whether or not the court
had the power to raise the abuse-of-the writ issue sua sponte.
Accordingly, we leave resoluation of thelatter question for another
day. If on remand the State itself chosses not to argue abuse of
the writ in the present case, the question of whether the district
court could properly raise that question sua sponte may be argued
in any appeal to this Court following the entry of Final judgment.
at 31.

      See also: Femia -v- United States, 47 F.3d 519, 522 (2nd Cir.
1995)("We believe the rule set forth in Lugo applies with equal
force when the petition is brought under Section 2255."); Urdy
-v- McCotter, 773 F.2d 652, 656 (5th Cir.1985)("[A]dequate notice
must inform the petitioner: (1) that dismissal is being considered;
(2) that dismissal will be automatic if there is no response that
explains his failure to raise new grounds in a prior petition; and
(3) that in order to avoid dismissal the petitioner must present
to the court facts rather than opinions or conclusions."); Jones

-3-4-

-v- Estelle, 692 F.2d 380 F.2d 380, 384 (5th Cir.1982)(a Petitioner
must be given at least to day to explain why his repetitive petit-
ion deserves reconsideration or why he failed to raise new grounds
in a prior petition; he must be specifically informed that his
explaination must consist of facts, rather than opinion or con-
clusions, and that dismissal will be automatic if he fails to
give sufficient reasons); Robinson -v- Fairman, 704 F.2d 368,
370-71 (7th Cir.1983)("Petitioner here was deprived of an opport-
unity to respond to the allegation of abuse because representation
by appointed counsel was not merely ineffective, but entirely ab-
sent. Petitioner would have been better off under the circumstances
had the court not appointed counsel for him. His counsel's inact-
ion on the motion to dismiss and apparent failure even to communi-
cate with petitioner, coupled with the lack of notice to petitioner
personally of the respondent's motion, prevented petitioner from
proceeding pro se and meeting his burden under Rule 9(b). The
total of advocacy on the part of petitioner's appointed counsel
falls far short of minimum professional Standars," at 371.); Hill
-v- Linahan, 697 F.2d 1031, 1034(11 th Cir.1983)(Petitioner is en-
titled both to notice that the state's request for a Rule 9(a)
dismissal would be treated as a motion for summary judgment and
to an opportunity to respond).

See also: People -v- Winfrey, 283 Ill.Dec. 623, 347 Ill.App.
3d 987, 808 N.E.2d 589 (2nd Dist.2004)(habeas corpus statute did
not authorize trial court to summarily deny habeas corpus petition,
and trial court's failure to give defendant notice of and an opport-
unity to respond to denial of petition was inherently prejudicial.);
See also, defendant's Response to Finley motion submitted by
counsel requesting without drawal..

   Defendant file this petition for the sole purpose of hav-
ing this court reverse its  prior decision or in the alternative
amending its decision to include that petitioner has a right to
proceed on appeal without the assistance of counsel. This court
has the authority to let counsel withdraw under the Finley decision,
but thiscourt does not have the right to take away defendant right
of access to the court or deprive him of said right.

   Defendant petition does indeed state numerous meritorious
claims upon which relief can be granted, and the one at this stage
outweighing them all is defendant right to Notice and an Opportunity
to Respond.

   Wherefore, defendant ask this court to reconsider its decision

-5-

and hold that counsel is allowed to withdraw, and that defendant
may proceed pro se, and setting a date for filing.

Respectfully submitted,

_Willie Norwood_
Defendant (pro se)

Willie Norwood
P.O.Box 112 - #A-01681
Stateville Correctional Center
Joliet, Illinois 60434

Subscribed & affirmed
before me this 20th day
of November 2006

_Jill E. Hanson_

"OFFICIAL SEAL"
JILL E. HOSSELTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/18/08

NO._____

IN THE

SUPREME COURT OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br>　　　　Respondent-Appellee,<br><br>　　　　　　　-vs-<br><br><br>WILLIE NORWOOD,<br>　　　　Defendant-Appellant. | Petition For Leave To Appeal<br>from the Appellate Court of<br>Illinois, First District, Case<br>Nos. 1-05-0519 & 1-05-2582<br><br>There heard on Appeal from the<br>Circuit Court of Cook County,<br>Illinois, Case No. 83-C-6076<br><br>The Honorable<br>Joseph S. Kazmierski, Jr.<br>Presiding Judge. |

PETITION FOR LEAVE TO APPEAL

TO THE HONORABLE JUSTICES OF THE SUPREME COURT OF THE STATE OF ILLINOIS:

May It Please The Court:

I.

PRAYER FOR LEAVE TO APPEAL

Your defendant, Willie Norwood, pro se, respectfully petition this Honorable Court for leave to appeal pursuant to Supreme Court Rule 315, from the judgment of the Appellate Court of Illinois, First Judicial District, which affirmed the judgment entered by the Circuit Court of Cook County, Illinois upon the verdict finding defendant guilty of the crimes alleged in indictment number 83-C-6076.

II.

OPINION AND PROCEEDINGS BELOW

Following a jury trial in 1984, defendant, Willie Norwood, was convicted of rape, armed robbery and home invasion. Defendant was sentenced to natural life imprisonment as a habitual offender.

Defendant ultimately filed a pro se petition for Relief From Judgment with the Circuit Court of Cook County, the State never

-2-

filed an answer or mailed an answer to the complaint to defendant.
On or about February 4, 2005, the court dismissed defendant Pet-
ition For Relief From Judgment. Defendant filed a timely notice
of appeal on February 23, 2005.

On June 30, 2005, defendant filed a pro se Petition for State
Habeas Corpus. Though inartfully drafted, defendant essentially
alleged that: (1) the habitual criminal statute was applied to him
in an unconstitutional manner; (2) the habitual criminal statute
prohibited the use of his 1973 conviction for purposes of enhanc-
ing his current sentence beyond the maximum of thirty-years to life im-
prisonment; (3) Illinois Statute of Limitation precluded the use of
defendant 1973 conviction for enhancement purposes where the time-
barred conviction was barred prior to the inactment of the Act, and
remained time-barred for all time thereafter. On July 15, 2006, Judge
Kazmierski denied defendant's pro se Petition For State Habeas,
finding that the issues raised in the petition had been addressed
in prior-conviction proceeding, and were addressed on appeal.

The Office of the State Appellate Defender was appointed by
the court to represent defendant. Counsel file a motion to with-
draw as counsel, along with a Memorandum in support of the motion
under Pennsylvania -v- Finley, 481 U.S. 551, 107 S.Ct. 1990, 95
L.Ed.2d 539 (1987), in which she alleged that an appeal of this
cause lacked merits. Copies of her motion and memorandum were re-
ceived by defendant, the court thereafter advised defendant that
he might submit any answer to any points in support showing the court
shouldn't grant counsel's motion to withdraw.

Defendant thereafter filed a response in which he stated
that his appeals contained numerous meritorious issues deserving
to be heard, which would entitled defendant to the relief he
sought. He asked the court to allow counsel to withdraw, and to
appoint ro represent him another cousnel, or allow defendant to
proceed with his appeal pro se. The Appellate Court held that:
"The Motion of the Office of the Public Defender for Leave to
Withdraw as counsel is allowed. The Judgment of the circuit Court

13

-3-

of Cook County is affirmed." (see Attached exhibit No. 1) Even
though counsel for defendant was only requesting that " . . .
the Office of the Pubic Defender of Cook County respectfully
requests that it be allowed to withdraw from representing the
petitioner in this appeal." (see Attached exhibit No. 2, page
7.)

## III.

## POINT RELIED UPON FOR REVERSAL

THE APPELLATE COURT DEPRIVED DEFENDANT OF HIS FOURTEENTH AMENDMENT
RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW WHEN IT
ARBITRARILY AND CAPRICIOUSLY DENIED HIM THE RIGHT TO THE COURT
BASED UPON THE MOTION OF THE APPELLAANT DEFENDER OFFICE SEEKING
LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT BECAUSE COUNSEL FELT
NO MERITORIOUS ISSUES EXISTED. , , , , , , , , , , , . Page 5

BOUNDS -v- SMITH, 403 U.S. 817, 824, 828(1977) . . . . . . Page 5

Johnson -v- Avery, 393 U.S. 483, 485(1969) . . . . . . . . Page 5

Leslie -v- Doyle, 125 F.3d 1132, 1136(7th Cir.1997) . . . . Page 6

Wolff -v- McDonnell, 418 U.S. 539, 558(1974) . . . . . . . Page 6

DEFENDANT WAS DEPRIVED OF DUE PROCESS OF LAW UNDER THE FOURTEENTH
AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN HE WAS DENIED THE
RIGHT OF NOTICE AND THE OPPORTUNITY TO RESPOND EITHER TO HIS PET-
ITION FOR RELIEF FROM JUDGMENT OR HIS STATE HABEAS CORPUS . Page 6

Elfman -v- Evanston Bus Co., 27 Ill.2d 609, at 613, 190 N.E.2d
348, at 350-51(1963) . . . . . . . . . . . . . . . . . . Page 7

Hicks -v- Oklahoma, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.
2d 175 (1980) . . . . . . . . . . . . . . . . . . . . . . Page 7

Lugo -v- Keane, 15 F.3d 29, at 31(2nd Cir.1994) . . . . . . Page 7

McCleskey -v- Zant, 499 U.S. 467, 111 S.Ct. at 1470 . . . Page 7

People -v- Pearson, (Ill.Sup.Ct.) Docket No. 97832,
2005 Ill.LEXIS 956 . . . . . . . . . . . . . . . . . . . Page 7

14

– 4 –

People -v- Woodard, 175 Ill.2d 435, 448, 677 N.E.2d
935 (1997) . . . . . . . . . . . . . . . . . . Page 7

Sanders -v- United States, 373 U.S. 1, 10-11(1963) . . . . Page 7

Roberson -v- Fairman, 704 F.2d 368, 370-71(7th Cir.1983). . Page 7

Sundance Home, Inc. et al, -v- County of Dupage, et al.,
195 Ill.2d 257, 746 N.E.2d 254, 253 Ill.Dec. 806 . . . . . Page 8

DEFENDANT 2-1401 AND HABEAS CORPUS PETITION DOES STATE A CAUSE OF
ACTION, IF PROVEN, WOULD ENTITLE DEFENDANT TO THE RELIEF HE SOUGH.

Lease Partners Corp. -v- R&J Pharmacies, Inc. (1th Dist. 2002),
263 Ill.Dec. 294, 768 N.E.2d 54, 329 Ill.App.3d 69, appeal
denied, 201 Ill.2d 571, 786 N.E.2d 185, 271 Ill.Dec. 927. . Page 8

M.E.H. -v- L.H., 177 Ill.2d 207, 685 N.E.2d 335,
226 Ill.Dec. 232 . . . . . . . . . . . . . . . . . . Page 10

People -v- Dunigan, 165 Ill.2d 235, 650 N.E.2d 1026 . . . . Page 9

People -v- Lansing, 35 Ill.2d 247, 220 N.E.2d 218 (1966). . Page 10

Sundance Home, Inc., et al. -v- County of Dupage, et al.,
195 Ill.2d 257, 746 N.E.2d 254, 253 Ill.Dec. 806 . . . . . Page 8

Sepmeyer -v- Holman, 162 Ill.2d 249, 642 N.E.2d 1242,
205 Ill.Dec. 125 (1994) . . . . . . . . . . . . . . . . . . Page 10

Adcock -v- Snyder (2004), 281 Ill.Dec.515, 345 Ill.App.3d
1095, 804 N.E.2d 141 . . . . . . . . . . . . . . . . . . . Page 11

Faheem-El -v- Klincar, 213 Ill.2d 291, 295                Page 11

People -v- Harvey (2001), 196 Ill.2d 444, 257 Ill.Dec.
98, 753 N.E.2d 293 . . . . . . . . . . . . . . . . . . . . Page 11

People -v- Walton (1992), 180 Ill.Dec. 937, 608 N.E.2d
59, 240 Ill.App.3d 49 . . . . . . . . . . . . . . . . . . Page 10

People -v- Winfrey (2004), 283 Ill.Dec. 623, 347 Ill.App.
3d 987, 808 N.E.2d 589 . . . . . . . . . . . . . . . . . . Page 11

People -v- Wyckoff (1969), 106 Ill.App.2d 360,
245 N.E.2d 316 . . . . . . . . . . . . . . . . . . . . . . Page 9

-5-

IV.

ARGUMENT

**THE APPELLATE COURT DEPRIVED DEFENDANT OF HIS FOURTEENTH AMEND-
MENT RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW WHEN
IT ARBITRARILY AND CAPRICIOUSLY DENIED HIM THE RIGHT OF ACCESS
TO THE COURT BASED UPON THE MOTION OF THE APPELLATE DEFENDER
OFFICE SEEKING LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT BE-
CAUSE COUNSEL FELT NO MERITORIOUS EXISTED.**

Defendant has a fundamental constitutional right to adequate
and meaningful access to court to challenge the violations of his
constitutional rights which occurred in the Circuit Court of Cook
County. (see **Bounds -v- Smith**, 430 U.S. 817, 824, 828 (1977); see
also **Johnson -v- Avery**, 393 U.S. 483, 485 (1969)(prisoner's right
of access to courts may not be denied or obstructed); Illinois Sup-
reme Court Rule 315.

The only issue that was before the Appellate Court, First Jud-
icial District, was whether or not to grant the Office of the State
Appellate Defender to withdraw as defendant counsel, it was the
opinion of counsel that there were no meritorious issues to be
filed with the court, not that some other lawyer, or defendant
himself couldn't have gone into the records and found reason why
counsel was wrong in her belief. This was a motion only to
decided whether or not to allow counsel to withdraw, defendant had
no reason to believe that the court would strip him of his right
to proceed with his appeal, and yet, that's exactly what the court
did, when it granted counsel motion to withdraw, while it simultaneously
affirmed the order the of the circuit court, stripping defendant
of his right to court arbitrarily and capriciously.

The right of access to the court necessarily means that it is
a defendant right to present the merits of his issue to the court,
and thereafter, the State is expected to file an answer or move to
dismiss, and then, defendant has the right to respond. In the in-
stant case, defendant was deprived of this right. Defendant never
had the opportunity to present his case to the court, the court
based its decision solely on the conclusionary statements made to

-6-

it by the court appointed attorney seeking to withdraw, and with
whom, defendant had never consulted with or spoken too. U.S. Const.
amends. V. XIV. The Due Process Clause were designed to protect
defendant against arbitrarily government action. **Wolff -v- McDonnell**,
418 U.S. 539, 558 (1974); **Leslie -v- Doyle**, 125 F.3d 1132, 1136
(7th Cir.1997)(prisoner retains right to be free of arbitrary
and purposeless use of authority).

Shortly after counsel filed her motion and memorandum, she was
taken off of defendant case, and assigned to some other branch within
the Office of the State Defender Office without notice to defendant.
As was the case during the trial itself, counsel presented false,
erronious, and misleading information in her memorandum, among
which, is the fact that the issues now raise, were present and
argued during direct appeal, which was not the case at all.

Defendant states that there were insufficient factual alleg-
ations before the court to affirm the circuit court of Cook County
dismissal, and to affirm that dismissal without Notice and the
Opportunity to respond, and no reason whatsoever to affirm defend-
ant's appeal arbitrarily and capriciously.


**DEFENDANT WAS DEPRIVED OF DUE PROCESS OF LAW UNDER THE 14TH AMEND-
MENT OF THE UNITED STATES CONSTITUTION WHEN HE WAS DENIED THE RIGHT
OF NOTICE AN THE OPPORTUNITY TO RESPOND EITHER TO HIS PETITION FOR
RELIEF FROM JUDGMENT OR HIS STATE HABEAS CORPUS PETITION.**


Defendant filed a pro se motion pursuant to 735 ILCS 5/2-1401
on January 6, 2005, the State never filed either an answer or other-
wise pleaded to the complaint, and the court summarily dismissed
the complaint on February 4, 2005. There after, defendnat filed
a State Habeas Corpus on June 30, 2005, which was thereafter also
dismissed by the court on July 15, 2005, without the State moving
to dismiss or filing an answer.

Under Illinois statutory law, neither a State Habeas Corpus
or petition filed under 2-1401 provides for a sua sponte dismissal

-7-

of either complaints file under the Act, and it is required that the State must filed either a responsive pleading or move to dismiss either complaint. (see McCleskey -v- Zant, 499 U.S. 467, 111 S.Ct. at 1470; Sanders -v- United States, 373 U.S. 1, 10-111 (1963); Lugo -v- Keane, 15 F.3d 29, at 31 (2nd Cir. 1994); Urdy -v- McCotter, 773 F.2d 652, 656 (5th Cir. 1985); Robinson -v- Fairman, 704 F.2d 368, 370-71 (7th Cir.1983).

If Illinois legislature had intended to authorize trial courts to conduct similiar sua sponte review of State Habeas Corpus or 2 -1401 petitions, and summarily dismiss them, they would have included such procedures in the statute. (Cf. People -v- Woodard, 175 Ill.2d 435, 448, 677 N.E.2d 935 (1997)( the legislature did not include a time limitation to apply for jail time credits as it did in other post convictions remedies, so none would be inferred.) Illinois legislatuve has never given its blessing or authority to any court to summarily dismiss a State Habeas Corpus or 2-1401 petition. Basic notions of fairness dictate that defendant be afforded the same Notice and Opportunity to Respond as he would have had if the State had filed a motion to dismiss, and the due process clause of the 14th Amendment guaranteed and protect defendant right to notice and an opportunity to respond. (see Hicks -v- Oklahoma, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980); Elfman -v- Evanston Bus Co. 27 Ill.2d 609, at 613, 190 N.E.2d 348, at 350-51 (1963)("holding that defendant should be given an opportunty to appear and defend on the issue of damages."); People -v- Pearson (Ill.Sup.Ct.), Docket No. 97832, 2005 Ill.LEXIS 956. By depriving defendant of Notice and an Opportunity to Respond, Illinois courts are discriminatorly and unfairly depriving defendant of the same rights it regularly grants to other simiarly situated individuals.

The first District, Appellate Court, regularly ignores the rules of statutory law, and those rules handed down by the Supreme Court this state, while all other courts in the state of Illinois follows the law and the ruling handed down by the Supreme of Illinois,

18

-8-

the Appellate Court, First District continue to ignore and does
not follow the mandates of this court.

Failure to afford defendant of Notice and an opportunity to
respond violated his rights of due process of law, and entitled him
to reversal and remand of his petitions.

**DEFENDANT 2-1401 AND HABEAS CORPUS PETITION DOES STATE A CAUSE
OF ACTION, IF PROVEN, WOULD ENTITLE DEFENDANT TO THE RELIEF HE SOUGT.**

It is the opinion of counsel that there was no meritorious
isse to be raised on appeal, and to that, defendant can only say
that the counsel making such accusation is incorrect, and defend-
ant submit that other lawyers would strongly disagree with counsel
assestment.

Counsel attempted to rewrite the issues raise by defendant,
she  has misstated the facts, presented inaccurate statements to
the court, inaccurate information, and misstated various statutes,
however, she was trying to get off the case, for whatever reason,
defendant understand her motives.

Defendant states that the court had no authority to violated
defendant's vest right to due process of law, by using a conviction
that was barred by Illinois Statute of Limitation as of 1973, which
remaind time barred for all times thereafter, including, the date
of February 1, 1978. The court had no right to conisder or use that
conviction anew, to enhance defendant current sentence to life
imprisonment as a habitual criminal. (see **Sundance Home, Inc.,
et al. -v- County of Depage, et al.,** 195 Ill.2d 257, 746 N.E.2d 254,
253 Ill.Dec. 806(Once a statute of limitation has expired, a defend-
ant has a right to invoke the bar of the limitation period as a
defense to a cause of action). Because issue of statute of limit-
ation must be raised or wavied, trial courts are not allowed to
decide statute of limitation issues sua sponte without any input
from either party. (see  **Lease Partners Corp. -v- R & J Pharmacies
Inc.** (1th Dist.,2002), 263 Ill.Dec. 294, 768 N.E.2d 54, 329 Ill.

19

-9-

App.3d 69; appeal denied, 201 Ill.2d 571, 786 N.E.2d 185, 271 Ill.
Dec. 927).

Ms. Gold, appointed counsel for defendant, stated in her
motion to withdraw, at page 6, "Furthermore, the Illinois Supreme
Court has establish that it is not a violation of the ex post facto
clause to the State and Federal Constitution to sentence a defend-
ant as an habitual criminal, even though two of the prior con-
victions occurred before the Habitual Criminal Act was enacted.
People -v- Dunigan, 165 Ill.2d 235, 650 N.E.2d 1026." (see attach-
ed exhbit No. 2). Counsel did not read the statute objectively,
even in the case of Dunigan Illinois Supreme Court never once over-
rule its long standing law on Illinois General Limitation statute,
in fact, that issue was not even before or decided by the court in
the Dunigan decision, it simply was not raised or decided. On the
issues brought before the court, which was "Ex Posto Facto" clause
did the court rule that attached of the habitual offender Act
did not violate either State of Federal Constitution, defendant
totally disagrees, but will save such argument for another time,
but defendant for now will only say that Dunigan and the issues
defendant is trying to put before the court now are distinguisable
especially where defendant argues that he was and is, being dep-
rive of a vested constitutional right.

The retroactive application of criminal statute is specific-
ally prohibited by the ex post facto provisions of the United
States and the Illinois Constitution (U.S.Const. Art. 1, sec. 9;
Ill.Const.(1970), Art. 1, sec. 16, e.g., People -v- Wyckoff (1969),
106 Ill.App.2d 360, 245 N.E.2d 316; People -v- Hill (1980), 78
Ill.2d 517, 36 Ill.Dec. 676, 401 N.E.2d 517) and the rules of
statutory construction. (Ill.Rev.Stat. 1977, Ch. 131, par.4; 34
Ill.L. & Prac. Statute Section 193(1958).) A statute is char-
acterized as retroactive if it "takes away or impairs vested
rights required under existing laws or creates a new obligation,
imposes a new duty, or attaches a new disability in respect of
transactions or considerations already past. 34 Ill.L. & Prac.

-10-

Defendant cannot help but find it ironic, in the case of People
-v- Walton (1th Dist.1992),180 Ill.Dec. 937, 608 N.E.2d 59, 240 Ill.
App.3d 49, the State argued that the date when the second felony
offense was committed was proved by circumstantial evidence. But
the court found that what the State considered as circumstantial
evidence in that case was the Statute of limitations for felonies,
section 3-5(b) of the criminal Code of 1961, which provided that:

> "Unless the statute describing the offense
> provides otherwise, or the period of limitation
> is extended by Section 3-6, a prosecution for
> any offense not designated in Section (a) must
> be commenced within 3 years after the com-
> mission of the offense if it is a felony, or
> within one year and 6 months after its commission
> if it is a misdemeanor. (Ill.Rev.Stat.1985, Ch.38,
> par. 3-5(b)

> The State claims that because the first felony
> conviction occurred in 1971, and the second con-
> viction did not occur until 1977, the **six** year
> period between the two prior felonies exceeded
> the three year statute of limitations. The State,
> thus, reasons that if the felony which defendant
> was indicted in 1977 had been committed before
> the first felony conviction in 1971, the statute
> of limitations would have precluded prosecution."
> 180 I..Dec. at 944, 608 N.E.2d at 66, 240 Ill.App.3d at 59.

of course, the court made no ruling on the issue of statute of
limitations, only in passing stated "One of the flaws in the State's
reasoning is that it does not allow for instances when the statute
could be tolled.

In defendant's Habeas corpus petition, he clearly state that
the statute of limitation prohibited and precluded the use of
his prior conviction, the 1973 rape conviction, to enhance his
current sentence to life imprisionment. Defendant states that he
not only had the right, but was expect to bring this matter before
the courts, where it violated a vest right under the State and
Illinois Constitution. (see Sepmeyer -v- Holman (1994), 162 Ill.
2d 249, 642 N.E.2d 1242, 205 Ill.Dec. 125; People -v- Lansing (1996),
35 Ill.2d 247, 220 N.E.2d 218; M.E.H. -v- L.H.(1997), 177 Ill.2d

-11-

207, 685 N.E.2d 335, 226 Ill.Dec. 232; Ill.Rev.Stat.1961, Ch.
38, par. 3-5(b).

This is exactly why the Illinois legislature wrote into the
habitual criminal Act., Ill.Rev.Stat. Ch.38, par.33B-1(c), that
the first felony had to occur on or after February 1, 1978, and
that portion of the statute has never been deleted in any of the
subsequent amendments. The legislative recognized among other things
that a defendant had rights which it could not write out. This is
not a "version," instead this is exactly what the statute says,
and it must be complied with at all times, for it is mandatory.
The plain meaning of the statute, Ill.Rev.Stat., Ch. 38, par. 3-5(b),
proof of when the State must "commence" the filing of the offense,
shall provide facie evidence necessary to satify this statute.

Defendant finally states that since his 2-1401 and Habeas Corpus
petition are civil in nature, People -v- Harvey (2001), 196 Ill.
2d 444, 257 Ill.Dec. 98, 753 N.E.2d 293, he does have a right to
bring his petitions. Adcock -v- Snyder (4th Dist.2004), 281 Ill.
Dec. 515, 345 Ill.App.3d 1095, 804 N.E.2d 141; People -v- Winfrey
(2nd Dist. 2004), 283 Ill.Dec. 623, 347 Ill.App.3d 987, 808 N.E.2d
589; Faheem-El -v- Klincar, 123 Ill.2d 291, 295.

Defendant submit that his petitions does state a cause for
upon which relief can be granted, and it was a violation of his
constitutional rights to deprive him of those rights by affirm-
ing his conviction along with allowing counsel to withdraw as
counsel of record.

## V.

### CONCLUSION

Defendant ask this court to exercise its supervisory powers,
and to reverse the decision of the Appellate Court, send the case
back to the Appellate Court with instructions that defendant be
allowed to proceed on his appeal either pro se, or with the ap-
pointment of counsel other than the present counsel. Enter an

22

-12-

declaring that affirming the circuit court sua sponte dismissal
was error without affording both parties to respond and answer
and then deciding the case on its merits, and a further order
declaring that allowing counsel to withdraw may be allowed.
Along with any other relief this court may find appropriate and
just.

Respectfully submitted,

Willie Norwood

Defendant ( pro se)

Willie Norwood
P.O.Box 112 - #A-73676
Stateville Correctional Center
Joliet, Illinois 60434

DEFENDANT"S EXHBIT NO. 1

**NOTICE**

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same

RECEIVED

6  NOV 13  P 3:30

APPEALS DIVISION
COOK COUNTY
PUBLIC DEFENDER

FIRST DIVISION
November 13, 2006

Nos. 1-05-0519 & 1-05-2682, Consolidated

## IN THE APPELLATE COURT OF ILLINOIS
## FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 83 C 6076 |
| WILLIE NORWOOD, | ) | The Honorable Joseph S. Kazmierski, |
| Defendant-Appellant. | ) | Judge Presiding. |

### ORDER

Following a jury trial in 1984, defendant Willie Norwood was convicted of rape, armed robbery and home invasion. Defendant was sentenced to natural life imprisonment as a habitual offender. Defendant filed a *pro se* petition for relief from judgment that was denied. Defendant subsequently filed a "Petition for State Habeas Corpus," that was also denied. Defendant timely appealed the dismissal of both petitions, which were consolidated on appeal.

The Office of the Public Defender, which represents defendant on appeal, has filed a motion for leave to withdraw as appellate counsel. A memorandum in support of the motion has

1-05-0519 & 1-05-2682, Cons.

been submitted under <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), in which it stated that an appeal of this cause would lack merit. Copies of the brief and motion were sent to defendant and he was advised that he might submit any points in support of his appeal. Defendant has filed a response, primarily contending that his life sentence is unconstitutional.

We have carefully reviewed the record in this case, the aforesaid motion and defendant's response in compliance with the mandate of the <u>Finley</u> decision and agree with counsel's assessment. The motion of the Office of the Public Defender for leave to withdraw as counsel is allowed.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

R. CAHILL, J., with M.S. McBRIDE, P.J., and R.E. GORDON, J., concurring.

DEFENDANT's EXHIBIT NO. 2

NO._____

**IN THE
SUPREME COURT OF ILLINOIS**

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Petition For Leave to Appeal |
| Respondent-Appellee, | ) | from the Appellate Court of Illinois, First District, Case Nos. 1005-0519 & 1-05-2582. |
| | ) | |
| -vs- | ) | There heard on Appeal from the Circuit Court of Cook County, Illinois, Case No. 83-C-6076 |
| | ) | |
| WILLIE NORWOOD, | ) | The Honorable |
| Defendant-Appellant. | ) | Joseph Kazmierski, Jr. Presiding Judge |

### NOTICE AND PROOF OF SERVICE

TO:    Lisa M. Madigan, Attorney General, 100 W. Randopl St., 12th Floor, Chicago, Illinois 60601

Richard A. Devine, State's Attorney, 300 Daley Center, Chicago, Illinois 60602

Please be advised that on this 3 day of January , 20 06 , I have cause to be filed with the clerk of the above court 6 copies, plus the original copy of the enclosed document entitled: PETITION FOR LEAVE TO APPEAL W/ATTACHED EXHBITS on the clerk of the above court, with one copy each, being mailed to the above listed attorneys, byplacing the same into the hands of Stateville Correctional Center, postage pre-paid to be deposited in the U.S.Mail chute.

Respectfully submitted,

_Willie Norwood_
Defendant (pro se)

Willie Norwood
P.O.Box 112 - #A-72676
Stateville Correctional Center
Joliet, Illinois 60434

Subscribed and sworn to
before me this _____day of _____, 20_____.
Notary Public_____,
My Commission Expires_____, 20_____.

26

DEFENDANT EXHIBIT NO. 3

## IN THE APPELLATE COURT OF ILLINOIS
### FIRST JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,    )
                                        )
    Plaintiff-Appellee,                 )
                                        )
    v.                                  )    Nos.    1-05-0519
                                        )            1-05-2682
WILLIE NORWOOD,                         )
                                        )
    Defendant-Appellant.                )

## O R D E R

    This cause coming to be heard on the Petition For Rehearing of Defendant-Appellant,

WILLIE NORWOOD, and the Court being fully advised in the premises;

    IT IS HEREBY ORDERED that the Petition For Rehearing be denied.

    DATED at Chicago, Illinois, this ____ day of _____, 2006.


ORDER ENTERED

DEC 1 4 2006

APPELLATE COURT, FIRST DISTRICT

_____
Justice

_____
Justice

_____
Justice

28

IN THE

SUPREME COURT OF THE STATE OF ILLINOIS

WILLIE NORWOOD,                          )    Petition of Mandamus
                                         )    Indictment No. 83 C 6076
      Plaintiff,                     )
                                         )
   -Vs-                                  )    Case No. _____
                                         )
CIRCUIT COURT OF COOK COUNTY,            )    The Honorable
JUDGE ROBERT L. SKLODOWSKI,              )    Robert L. Sklodowski,
                                         )    Judge Presiding.
      Defendant.                     )

## MOTION FOR APPOINTMENT OF COUNSEL

Now comes the Plaintiff, Willie Norwood, pro se, pursuant to this Court's decision in People v. Belville, 236 N.E.2d 760, and moves this Honorable Court to appoint counsel to represent the Plaintiff in the above cited case in light of the complexity of this case and Plaintiff's lack of ability to present his case in an orderly and timely fashion. Appointing a lawyer skilled in the law could make a difference in the out come. See Farmer v. Hass, 990 F.2d 319, 322, (7th Cir. (1993); 28 U.S.C.A. §1915(e). In support of this Motion, Plaintiff states as follows:

   1. Plaintiff makes a meritorious claim of denial of Due process and Equal protection of 720 ILCS 5/33B-2(b) by the Circuit Court of Cook County's failure to perform its ministerial duties under Article VI. Sec. 9.

   2. Plaintiff is incarcerated and lacks the ability to timely research crucial facts without assistance of counsel to reply to motions.

   3. Plaintiff is a layman in the law and does not have the ability to present his case according to law and statutes, nor

have timely access to legal materials to answer motions. 725 ILCS 225/14 and 225/10.

4. There are complex legal issues that must be presented to impress the Court on the severity of the issues and actions of the Circuit Court of Cook County. Lehman v. Fry, 35 Ill.2d 343.

5. It is more likely that better facts will be available where both sides are represented by those trained in the presentation of evidence which Plaintiff lacks the skill to do. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992).

6. The issue presented to this court herein was researched and drafted by inmate Donald L. McDonald, N23082.

7. Plaintiff is poor and can not afford to purchase the services of professional counsel and has sought pro bono assistance to no avails.

I declare under penalty of perjury that the foregoing is true and correct to the best of my ability and belief.

Date 8-30-05

Willie Norwood
(Plaintiff)

IN THE

SUPREME COURT OF THE STATE OF ILLINOIS

| | |
|---|---|
| WILLIE NORWOOD,<br><br>  Plaintiff,<br><br> -Vs-<br><br>CIRCUIT COURT OF COOK COUNTY,<br>JUDGE ROBERT L. SKLODOWSKI,<br><br>  Defendant. | Petition of Mandamus<br>Indictment No. 83 C 6076<br><br>Case No. _____<br><br>The Honorable<br>Robert L. Sklodowski<br>Judge Presiding. |

## MOTION FOR LEAVE TO FILE
## PETITION OF MANDAMUS

Now comes the Plaintiff, Willie Norwood, pro se, in order to give notice to the Court for Leave to File a Petition of Mandamus pursuant to Supreme Court Rule 381 and Article VI. Section 4(a) of the Illinois Constitution directed to the above named De fendant. In support thereof, Plaintiff states as follows:

1. Leave to file Petition of Mandamus is an original action before this Court. Art. VI. Sec. 4(a) Ill. Const. 1970.

2. Plaintiff presents for review an issue of law pertaining to him while incarcerated at Stateville Correctional Center, Joliet, Illinois in the County of Will.

3. Plaintiff contends that the issue to be presented is concerning his right to Due Process and Equal protection of the laws of Illinois, 720 ILCS 5/33B-2(b), and the Constitution of the United States Amendment 14.

4. Plaintiff alleges in the Petition that the Honorable Robert L. Sklodowski of the Circuit Court of Cook County, exceeded

-1-

the limits of his Statutory and Constitutional authority, commit
ting "Manifest Constitutional Error" pursuant to 720 ILCS 5/33B-
2(b); 5/1-2(b)(c)(d); which "limits" Circuit Court's authority as to
treatment of persons accused or convicted of offenses, recognition
of differences in rehabilitation possibilities among individual
offenders, and prevent arbitrary or oppressive treatment of
persons accused or convicted of offenses; 28 U.S.C.A. 2111 and
2072.

   4. Plaintiff's Petition seeks to compel defendant to enter
an order sentencing Plaintiff within statutory limits of the
Illinois Compiled Statutes.

   5. Plaintiff hereby incorporates by reference all grounds
and allegation stated in the Petition of Mandamus, a copy of
which is attached hereto.

   **Wherefore**,Plaintiff prays this Court will grant him Leave to
File Petition of Mandamus.

                         Respectfully submitte,

                         Willie Norwood, A72676
                         P.O. Box 112
                         Joliet, IL. 60434

-2-

32

IN THE
SUPREME COURT OF THE STATE OF ILLINOIS

| | |
|---|---|
| WILLIE NORWOOD, | Petition of Mandamus |
| Plaintiff, | Indictment No. 83 C 6076 |
| -Vs- | Case No. _____ |
| CIRCUIT COURT OF COOK COUNTY, JUDGE ROBERT L. SKLODOWSKI, | The Hoborable Robert L. Sklodowski |
| Defendant. | Judge Presiding. |

## PETITION OF MANDAMUS

Now comes the Plaintiff, Willie Norwood, pro se, in order to give notice to the Court for Leave to File a Petition of Mandamus pursuant to Article VI. Section 4(a) of the Illinois Constitution. S.Ct. Rule 381 directed to the above named Defendant. In support thereof, Plaintiff states as follows:

1. Plaintiff is currently incarcerated at Stateville Correctional Center, Joliet, Illinois, Will County. Plaintiff is serving a sentence of natural life for the charges of ... and

2. Defendant, the Honorable Robert L. Sklodowski was the presiding judge, and as such is responsible for the order of conviction and natural life sentence.

3. Plaintiff brings this Petition of Mandamus before this Court pursuant to Article I. Section 12. Ill. Const. 1970; Right to Remedy and Justice.

4. The Plaintiff has requested that Defendant perform specific

33

ministerial duties. The Defendant has refused to perform such
duties regardless of Plaintiff's clear entitlement to performance
of the specific duties which are set forth as follows:

Defendant exceeded the limits of his statutory and con-
stitutional authority and committed "Manifest Constitutional
Error" by abusing his authority pursuant to 720 ILCS 5/33B-2(b);
5/1-2(b)(c)(d) (West 1984); which limits a Circuit Court's authority
sentence defendants not eligible under the Habitual Criminal Act,
33B-2(b), treatment of persons accused or convicted of offenses
(5/1-2(b)), recognition of differences in rehabilitation possi-
bilities among individual offneders, and prevent arbitrary or
oppressive treatment of persons accused or convicted of offenses,
5/1-2(c)(d). See Armstrong v. Obucino, (1921) 300 Ill. 140, 142-
43, 133 N.E. 58; People v. Arna, 168 Ill.2d 107. Where Plaintiff's
prior convictions were not final convictions as required by the
leglislature in section 33B-2(b). The Statute clearly states:

> "[A] duly authenticated copy of the record of any
> alleged (former) conviction of an offense set forht
> in Section 33B-1 (shall) be prima facie evidence of
> such (former) conviction; and a duly authenticated
> copy of the record of the defendant's (final release)
> or discharge  from probation granted, or from
> sentence and parole supervision (if any) imposed
> pursuant to such former conviction shall be prima
> facie evidence of such release or discharge. [38 ¶33B-2(b)]

And where the prosecution's proof shows the existence of
such exception as required by the statute in 33B-2(c), this issue
was not waived by Plaintiff's failure to raise the issue in a
prior proceeding.

-2-

Plaintiff's two prior convictions are not "former" con-
victions because Plaintiff was never released from parole and
therefore his conviction's were not final. The legislature's
requirement that conviction be final are clearly defined by 5/1-
2(c) which the legislature expressly considered recognizing the
differences in rehabilitation possibilities among individual
offenders and to prevent Circuit Court's from issuing "arbitrary
or oppressive treatment of persons accused and convicted. (5/1-
2(c)(d).

And a close examination of the Illinois Constitution, Article
I. Sec. 11, explains that "[A]ll penalties shall be determined
both according to the seriousness of the offense and with the
objective of restoring the offender to useful citizenship." It is
logical that the legislature would require a defendant to finish
his sentence and parole to give the defendant a chance to re-
habilitate hims self. But in order to know if a person has had
that chance, he must complete his sentence and parole. It is then
that 33B-2(b) has been met.

It is this requirement that the Appellate spoke of in People
v. Abdullah, 271 Ill.Dec. 669, 336 Ill. App.3d 940, 785 N.E.2d
863, spoke of when it held "time in custody includes periods of
parole."

Plaintiff ask the Court to take judicial notice of State v.
Brinkley, 193 S.W.2d 49 (1946). There the court was confronted
with this same issue under their habitual criminal statute. The
appellate court found, "persons on parole are still within custody,
and periods of parole are 'time spent in custody' for purposes of
the Habitual Criminal Act." Our own 3rd District has found the

-3-

35

the same results here in Illinois. <u>Abdullah</u>, <u>supra</u>.

Plaintiff presents to this Court that, where a circuit court exceeds the limits of its' statutory and constitutional authority and ignores a statutory requirement for determining whether to take a person's natural life based on it's own bias towards this defendant, then that court is acting in a manner arbitrary to the law, and Mandamus is required.

This Honorable Court has consistantly held: "trial courts must adhere to statutory requirements." If a trial court imposes a sentence greater than that permitted by statute, the excess portion of the sentence is "void." <u>People v. Rankin</u>, 297 Ill. App.3d 818, 822, 232 Ill.Dec. 316, 697 N.E.2d 1246 (1998).

This Court stated this rule was based on the reasoning that the legislature must necessarily have considered such implicit factors in classifying the offense and setting the sentencing range. <u>People v. Ferguson</u>, 132 Ill.2d at 97,, 138 Ill.Dec.262, 547 N.E.2d 429; <u>People v. White</u>, 114 Ill.2d 61, 66, 101, Ill.Dec. 879, 499 N.E.2d 467 (1986).

This Court further noted that "Where there is ambiguity with regard to whether the legislature intended to permit (non-final convictions to be used) on the basis of a factor already implicit in the offense, the rule of 'lenity' under which statutes are construed in a criminal defendant's favor, may apply." <u>Ferguson</u>, <u>supra</u>.

Applying the above stated principle, this Court found that statutes at issue in <u>Ferguson</u> to be ambiguous regarding the imposition of an extended term o the basis of the same factor. Plaintiff contends the statute at issue is ambiguous regarding whether a final conviction means sentence and parole.

36

Accordingly, the extended term portion of Plaintiff's sentence was subject to challenge before the trial Court and cannot stand where the court failed to follow the requirements of the statutes. People v. Pittman, 316 Ill. App.3d 245, 253, 249 Ill.Dec. 468, 736 N.E.2d 663(2000); People v. Harvey, 196 Ill.2d 444, 753 N.E.2d 293, 257 Ill.Dec. 98 (2001).

Plaintiff had a right to the performance of the trial court to grant relief under section 2-1401(f), where Plaintiff's sentence does not conform to statutory requirements.

Finally, Defendant's failure to perform his specific ministerial duties pursuant to Ch. 38 §33B-2(b) denied Plaintiff due process by not requireing the State prove Plaintiff's convictions were "former" "final" conviction as required by the state legislature; Equeal Protection of the Habitual Criminal Statute pursuant section 33B-2(b); as Plaintiff had a clear entitlement under the United States Constitution's 14th Amendments and Illinois Compiled Statutes.

Wherefore, Plaintiff request Defendant be ordered to perform his specific ministerial duties where Plaintiff has a clear entitlement not to be sentenced as a habitual offender under Illinois Statute §33B-2(b). Plaintiff prays further that this Court will issue an order of Mandamus compelling Defendant to:

a) vacate it's order sentencing Plaintiff to natural life with prejudice.

b) Grant Plaintiff appointment of counsel.

c) Grant Plaintiff Leave to file brief in support of Petition of Mandamus.

d) Grant such other relief as this Court deems just and

-5-

necessary.

Respectfully submitted,

_Willie Norwood_

Willie Norwood, A72676

STATE OF ILLINOIS )
                  )SS.
COUNTY OF WILL    )


### AFFIDAVIT

I, Willie Norwood, depose and state that as to the petition herein, I am the Plaintiff in the above entitled cause; that I have read the foregoing document, by me signed, and that the Statements contained therein are true in substance and in fact, or according to my personal belief.

_Willie Norwood_

(Plaintiff pro se)

Subscribed and sworn to before me
this___ day of _____, 2005.


_____
NOTARY PUBLIC

## APPENDIX

1................................................Ch.38 ¶33B 2(b).

2................Certified statement of conviction / disposition.

3.............................Sentence calculation work sheet.

4..........................................Committment Order.

5..........Petition for Relief From Judgment Pursuant 2-1401(f).

05-0519/05-2682 Cons.

Finley Response

FILED
APPELLATE COURT 1st DIST.

AUG 2 1 2006

STEVEN M RAVID
CLERK

NO. 05-2682

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

PEOPLE OF THE STATE OF ILLINOIS )
      Respondent-appellee, )
                   )
          -vs- )
                   )
WILLIE NORWOOD, )
      Petitioner-Appellant.)

Appeal from the Circuit
Court of Cook County, Crim-
inal Division.

Case No. 83-C-06076-01

Joseph. G Kazmierski
Presiding Judge

PETITIONER'S MOTION IN OPPOSITION TO COURT
APPOINTED FINLEY (481 U.S. 551) MOTION AND
REQUESTING THAT HE BE ALLOWED TO PROCEED
WITH THE APPOINTMENT OF ANOTHER. ATTORNEY.

Now comes Willie Norwood, petitioner-appellant, pro se, in
the above titled cause of action, and in response to court ap-
pointed attorney, Ms. Rebecca l. Gold motion entitled Pennsylva-
nia -v- Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987),
wherein she states that she has read the record, and cannot find
any meritorious issues. Petitioner-Appellant objects, and states
that his petitions does states three very important issues which
he ask this court to hear on their merits and to render a decision
on.

The first meritorious question is WHETHER OR NOT PETITIONER-
APPELLANT WAS DEPRIVED OF DUE PROCESS OF LAW GUARANTEE HIM UNDER
THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN
THE COURT ARBITRARILY AND CAPRICIOUSLY SUMMARILY DISMISS HIS
SECTION 2-1401 and STATE HABEAS CORPUS WITHOUT AFFORDING PETIT-
IONER-APPELLANT NOTICE AND OPPORTUNITY TO DEFEND THESE TWO PETITIONS.

Petitioner-Appellant filed a pro se petition pursuant to
735 ILCS 5/2-1401 on or about January 6, 2005. The petition was
summarily dismissed by the court without the State responding or
filing an answer to the petition on February 4, 2005. Petitioner-
Appellant filed a timely notice of appeal on or about February

40

-2-

23, 2005. Said appeal was docketed by the clerk of the court and
assigned the case number of 05-519.

Thereafter, Petitioner-Appellant, on or about June 30, 2005
filed in the circuit court of Cook County a petition seeking State
Habeas Corpus relief, the court dismiss this petition without al-
lowing the State to respond or answer on July 15, 2005. On August
11, 2005, Petitioner-Appellant filed a timely notice of appeal,
which was docket by the clerk of the appellate court, and assigned
case number 05-2682. On June 12, 2006, this Honorable Court granted
Petitioner-Appellant motion to Consolidate appeal number 05-2682
with appeal number 05-0519. The appeal was consolidated under num-
ber 05-2682.

Though inartfully drafted, Petitioner-Appellant alleged in
his petition for State Habeas Corpus that (1) the habitual criminal
statute was applied to him in an unconstitutional manner; (2) the
habitual criminal statute prohibited the use of his 1973 convict-
ion for the purposes of enhancing his current sentence to life
imprisonment; (3) the statute of limitation barred the use of his
1973 conviction to enhance his current sentence to life imprisonmnt,
since the 1973 conviction was time-barred before enactment of the
habitual criminal statute, and remained time-barred after the
statute went into  law.

Without requiring the State to respond to the petition, either
a motion to dismiss or an answer, the court summarily dismissed his
petition contrary to state law and the statute. Petitioner-Apell-
ant was not afford any Notice or an Opportunity to respond to the
court's dismissal of his petition, and was thus, effectively de-
prived of a full and fair opportunity to be heard on the merits of
his claim that he was being held in custody illegally, and in viol-
ation of his rights under the Fourteenth Amendment of the United
States Constitution, and the Constitution of Illinois.

Illinois State Habeas Corpus statute and 735 ILCS 5/2-1401
does not provide for summary dismissal of petitions filed pur-
suant to either of these statute, such dismissal deprives a

-3-

defendant of his right to a full and fair hearing opportunity to
be heard on his claim, his constitutional right of Notice and the
Opportunity to Respond, circumvents the adversary process, and
because no statute or legal doctrine authorizes summary dismissal
of a State Habeas Corpus petition or a Section 2-1401 petition,
this error is substantial, structural and requires reversal. Pet-
itioner-Appellant states that the his right to be heard was a
substantial right, and not simply procedural. (See Hicks -v-
Oklahoma (1980), 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175;
Greenholtz -v- Nebraska (1979), 442 U.S. 1, 99 S.Ct. 2100, 60
L.Ed.2d 668; Vitek -v- Jones, 445 U.S. 48, 488-89, 100 S.Ct. 1254,
1261, 63 L.Ed.2d 552.

   This court should grant reveiew, and find that judges are not
allowed under the statute to summarily dismiss, and that such er-
ror is structural and deprived petitioner-appellant of his substant-
ial rights, for two reasons: first, because Illinois legislature
has declined to authorize summary dismissal of petitioner for
relief from judgment or State habeas Corpus petition, and second,
to honor the adversary process and core legal principle, notice
and the opportunity to an adverse motion.

   If Illinois legislature had intended to authorize trial courts
to conduct similar sua sponte review of State Habeas Corpus of 2-
1401 petitions and summarily dismiss them, it would have included
such a procedure in the statute. Cf. People -v- Woodard, 175 Ill.
2d 435, 448, 677 N.E.2d 935 (1997)(the legislature did not include
a time limit to apply for jail time credits as it did in other
post conviction remedies, so none would be inferred). Illinois
legislative has never given its blessing or authority to any court
to summarily dismiss a State Habeas Corpus or 2-1401 petition.
Basic notions of fairness dictate that petitioner-appellant be
afforded the same notice and opportunity to respond as he would
have had if the State had filed a motion to dismiss. (See Elfman
-v- Evenston Bus Co. (1963), 27 Ill.2d 609, at 613, 190 N.E.2d
348, at 350-51("holding that defendant should be given an opport-
unity to appear and defend on the issue of damages."); People -v-
Winfrey (2004), 347 Ill.App.3d 987, 808 N.E.2d 589, 592, 283 Ill.Dec.

42

-4-

623, 626; People -v- Shellstrom, Docket No. 97831, 2005 Ill.LEXIS 957 (Ill.Sup.Ct.); People -v- Pearson (Ill.Sup.Ct.), Docket No. 97832, 2005 Ill.LEXIS 956.

Petitioner submit that his court appointed attorney is wrong in claiming there are no meritorious issues which can be raise before this court. Therefore, petitioner-appellant ask this court to examine the record, the issues raised, and then appoint him another lawyer to assist him in prefecting this appeal or in the alternative, let him try to appeal this case himself. No consideration at all was given to each issue raise my by petitioner, especially his statute of limitation claim, (See Sundance Home, Inc., et al. -v- County of Dupage, et al. (2001), 195 Ill.2d 257, 746 N. E.2d 254, 253 Ill.Dec. 806), or his claim that the State was pro-. hibited    from using his 1973 conviction to enhance his sentence to life imprisonment. (See People -v- Hill (1980), 78 Ill.2d 465, 401 N.E.2d 517, 36 Ill.Dec. 676.)

Wherefore, petitioner=appellant pray that this Hnorable Court will grant him the relief he seeks, which is, to proceed on this appeal.

Respectfully submitted,

Willie Norwood (pro se)

Willie Norwood
P.O.Box 112 - #A-72676
Stateville Correctional Center
Joliet, Illinois 60434

43

I, _Willie Norwood_ , affiant, do hereby declare and affirm pursuant to 28 USC 1746, 18 USC 1621, or 735 ILCS 5/109, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the forgoing documents are known to me and are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the forgoing matter is taken in good faith.

Signed on this 15 day of August, 2006.

_____
Affiant

44

NO. 05-2682

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

PEOPLE OP THE STATE OF ILLINOIS,)          Appeal from the Circuit
                                )          Court of Cook County, Crim-
        Respondent-Appellee,   )          inal Division
                                )
        -vs-                  )          Case No. 83-C-06076-01
                                )
WILLIE NORWOOD,           )          Joseph G. Kazmierski
        Petitioner-Appellee. )          Presiding Judge

NOTICE AND PROOF OF SERVICE

TO:
      Richard Devine - State          Rebecca L. Gold
      Attorney of Cook County          Assistant Public Defender
      309 Daley Center          69 W. Washington - 15th Floor
      Chicago, Illinois 60602          Chicago, Illinois 60602

Please be advise that on this **15** day of **August**, 20**06**,
I have cause to be mailed to the clerk of the above entitled court
the attached motion tiled: PETITIONER'S MOTION IN OPPOSITION TO
COURT APPOINTED FINLEY (481 U.S. 551) MOTION AND REQUESTING THAT
PETITIONER-APPELLANT BE ALLOWED TO PROCEED WITH THE APPOINTMENT
OF ANOTHER ATTORNEY, on the above named parties, by by placing the
same into the hands of Stateville Correctional Official to be
pl;aced in the mail this **15** day of **August**, 20**06**.

Respectfully submitted,

_Willie Norwood_
Willie Norwood (pro se)

Willie Norwood
P.O.Box 112 - #A-72676
Stateville Correctional Center
Joliet, Illinois 60434

Subscribed and sworn to
before me this **16th** day of **Aug.**, 20**06**.
Notary Public_**Crystal L. Mason**_,
My Commission Expire_____, 20_____.

"OFFICIAL SEAL"
Crystal L. Mason
Notary Public, State of Illinois
My Commission Exp. 11/10/2008

45

NO. 05-2682

~~IN THE~~

APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OP THE STATE OF ILLINOIS, )<br><br>Respondent-Appellee, )<br><br>-vs- )<br><br>WILLIE NORWOOD, )<br><br>Petitioner-Appellee. ) | Appeal from the Circuit Court of Cook County, Criminal Division<br><br>Case No. 83-C-06076-01<br><br>Joseph G. Kazmierski Presiding Judge |

NOTICE AND PROOF OF SERVICE

TO:
Richard Devine - State
Attorney of Cook County
309 Daley Center
Chicago, Illinois 60602

Rebecca L. Gold
Assistant Public Defender
69 W. Washington - 15th Floor
Chicago, Illinois 60602

Please be advise that on this 15 day of August , 20 06 , I have cause to be mailed to the clerk of the above entitled court the attached motion tiled: PETITIONER'S MOTION IN OPPOSITION TO COURT APPOINTED FINLEY (481 U.S. 551) MOTION AND REQUESTING THAT PETITIONER-APPELLANT BE ALLOWED TO PROCEED WITH THE APPOINTMENT OF ANOTHER ATTORNEY, on the above named parties, by by placing the same into the hands of Stateville Correctional Official to be pl;aced in the mail this 15 day of August , 20 06 .

Respectfully submitted
Willie Norwood
Willie Norwood (pro se)

Willie Norwood
P.O.Box 112 - #A-72676
Stateville Correctional Center
Joliet, Illinois 60434

Subscribed and sworn to
before me this 16th day of Aug , 20 04 .
Notary Public Crystal L. Mason ,
My Commission Expire , 20 .

OFFICIAL SEAL
Crystal L. Mason
Notary Public, State of Illinois
My Commission Exp. 11/10/2008

46

IN THE
SUPREME COURT OF THE STATE OF ILLINOIS

| | |
|---|---|
| WILLIE NORWOOD,<br><br>Plaintiff,<br><br>Vs<br><br>CIRCUIT COURT OF COOK COUNTY,<br>JUDGE ROBERT L. SKLODOWSKI,<br><br>Defendant. | ) Petition of Mandamus<br>) Indictment No. 83 C 6076<br>)<br>) Case No. _____<br>)<br>) The Honorable<br>) Robert L. Sklodowski<br>) Judge Presiding.<br>)<br>) |

## MOTION FOR LEAVE TO FILE AND PROCEED IN FORMA PAUPERIS

Now comes the Plaintiff, Willie Norwood, pro se, before this
Honorable Court, and moves this Court to enter an Order granting
him leave to file and proceed in forma pauperis on the attached
Petition of Mandamus, and for the following reasons in support
thereof, Plaintiff states as follows:

1. That Plaintiff is in custody of the State of Illinois,
under the Department of Corrections of said State, under indict-
ment number 83 C 6076 from the Circuit Court of Cook County,
Illinois.

2. That Plaintiff is in custody of the State of Illinois,
without funds, assets, personal or real property to defray the
cost of proceedings on the attached petition.

Wherefore, Plaintiff prays that this Honorable Court will
enter an order granting him leave to file and proceed in forma
pauperis on the attached pleadings.

Respectfully submitted,

_Willie Norwood_

Willie Norwood, A72676

47

STATE OF ILLINOIS )
                 )SS
COUNTY OF WILL   )

### AFFIDAVIT IN SUPPORT OF
### MOTION TO PROCEED IN ROMA PAUPERIS

I, Willie Norwood, the Plaintiff in the above entitled cause, being duly sworn do depose and state:

1. I am unable to pay the cost of these proceedings due to my poverty.

2. I am unable to give security as payment.

3. I now have $ 58 in my trust fund account at the Stateville Correctional Center. I have an institutional assignment and receive an occasional $ 28.00 a month to purchase hygenic items.

4. I have no income and expect none in the near future.

5. I own no real estate; personal property of value; or any other assets, and a copy of my trust fund was sought from afore mentioned institution, but was never supplied with it.

6. I believe I have a meritorious claim.

AFFIANT SAYITH FURTHER NOT.

_Willie Norwood_
(Affiant)

Subscribed and sworn to before me
This ___ Day of _____, 2005.

_____
NOTARY PUBLIC

48

IN THE

CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, CRIMINAL DIVISION

---

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the Circuit |
| ) | Court of Cook County, Illinois. |
| Plaintiff-Respondent, ) | |
| ) | Petition for Writ of Habeas |
| -Vs- ) | Corpus No. 83 C 6076 |
| ) | |
| WILLIE NORWOOD, ) | Honorable |
| ) | Joseph G. Kazmierski, Jr. |
| Defendant-Petitioner. ) | Judge Presiding |
| ) | |

---

### NOTICE OF FILING/PROOF OF SERVICE

TO:  State's Attorney Office
Richard J. Daily Center
Room 500-5th Floor
Chicago, IL. 60602

Please take notice that on August 3 , 2005 I have filed
with the Clerk of the Circuit Court of Cook County, 2650 S.
California Room 526, Chicago, IL. 60608 Petitioner's Notice of
Appeal, a copy of which is hereby served upon you.

By: _Willie Norwood_
Willie Norwood, A72676
P.O. Box 112
Joliet, IL. 60434

The undersigned certifies that a copy of the foregoing was
served upon the above named parties. The same being sent via U.S.
mail with proper postage having been paid at the Stateville
Correctional Cneter on August 8 , 2005.

By: _Willie Norwood_

Subscribed and sworn to before me
This 8th day of August, 2005

_Crystal L. Mason_
NOTARY PUBLIC

"OFFICIAL SEAL"
Crystal L. Mason
Notary Public, State of Illinois
My Commission Exp. 11/10/2008

50

IN THE

CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the Circuit |
| ) | Court of Cook County, |
|     Plaintiff-Respondent, ) | Illinois. |
| ) | |
|     -Vs- ) | Petition for Writ of Habeas |
| ) | Corpus 83 C 6076 |
| WILLIE NORWOOD, ) | |
| ) | Joseph G. Kazmierski, Jr. |
|     Defendant-Petitioner. ) | Judge Presiding. |
| ) | |

## NOTICE OF APPEAL

An Appeal is taken from the order of judgment described below:

1) This Appeal is taken to the Appellate Court of Illinois First Judicial District.

2) Name of Appellant and address to which notice shall be sent:
    Mr. Willie Norwood, #A72676
    P.O. Box 112
    Joliet, IL. 60434

3) Appellant is indigent and has no attorney and would like to have one appointed in order to insure proper adjudication of these specific issues pursuant to 28 U.S.C.A. 1915.

4) Date of judgment entered is July 15, 2005

    a) Offense, rape, armed robbery, and (2) counts of home invasion.

    c) Sentence, natural life.

5) Nature of order appealed from: Petition for Writ of Habeas Corpus.

Date 8-8-05

Willie Norwood
(Appellant)

STATE OF ILLINOIS )
                  )SS
COUNTY OF COOK    )

### AFFIDAVIT IN SUPPORT OF MOTION
### TO PROCEED IN FORMA PAUPERIS

    I, Willie Norwood, the Defendant in the above entitled cause, being duly sworn do depose and state:

    1. I am unable to pay the costs of these proceedings due to my poverty.

    2. I am unable to give security as payment.

    3. I now have $ .40 in my trust fund account at the Stateville Correctional Center. I have no institutional assignment and recieve an occasional $____ a month unassigned pay to purchase cosmetics monthly.

    4. I have no income and expect none in the near future, other than a possible institutional assignment.

    5. I own no real estate; personal property of value; or any other assets, and a copy of my trust fund account was sought from afore mentioned institution, but was never supplied.

    6. I believe I have a meritorious claim.

                    AFFIANT SAYITH FURTHER NOT.

                                _Willie Norwood_
                                (AFFIANT)

Subscribed and sworn to before me
This 8ᵗʰ day of August, 2005.

_Crystal L. Mason_
NOTARY PUBLIC

"OFFICIAL SEAL"
Crystal L. Mason
Notary Public, State of Illinois
My Commission Exp. 11/10/2008

52

IN THE

CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Respondent, | ) | |
| -Vs- | ) | Petition for Writ of Habeas Corpus No. 83 C 6076 |
| WILLIE NORWOOD, | ) | |
| Defendant-Petitioner. | ) | Joseph G. Kazmierski, Jr. Judge Presiding |

## MOTION FOR LEAVE TO FILE AND PROCEED IN FORMA PAUPERIS

Now comes the Plaintiff, Willie Norwood, before this Court and moves this Court to enter an Order granting him leave to file and proceed in forma pauperis on the attached petition for Writ of Habeas Corpus, and for the following reasons in support thereof, Defendant states as follows:

1. That Plaintiff is in custody of the State of Illinois, under the Department of Corrections of said State, under indictment number 83 C 6076 from the Circuit Court of Cook County, Illinois.

2. That Plaintiff is without funds, assets, personal or real property to defray the cost of proceedings on the attached petition.

Wherefore, Defendant prays that this Honorable Court will enter an order granting him leave to file and proceed in forma pauperis on the attached pleadings.

Respectfully submitted

Willie Norwood, A72676
P.O. Box 112
Joliet, IL. 60434

53

IN THE
CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

WILLIE NORWOOD,                    )
                                   )
             Petitioner,           )      Indictment No. 83 C 006076 - 01
                                   )
        -vs-                       )
                                   )
PEOPLE OF THE STATE OF ILLINOIS,)         Joseph G. Kazmierski, Jr.
                                   )            Presiding Judge
             Respondents.          )

### NOTICE AND PROOF OF SERVICE

TO:
    Richard Devine - State's Attorney
    of cook county - Criminal Divsion
    2650 So. California
    Chicago, Illinois 60608


    This is verification that on this _2_ day of _Aug_____,
20_05_, I caused to be mail to the clerk of the above entitled
court the enclosed documents entitled: NOTICE OF APPEAL: and
MOTION FOR APPOINTMENT OF COUNSEL, with a copy of the same being
mailed to respondents at the above listed address, postage fully
pre-paid, by placing the same into the hands of Stateville Cor-
rectional Officials to be placed in the U.S.Mail chute.

                                   Respectfully submitted,

                                   _Willie Norwood_____
                                        Petitioner (pro se)

                                   Willie Norwood
                                   P.O.Box 112 - #A-72676
                                   Stateville Correctional Center
                                   Joliet, Illinois 60434-0112


Subscribed and sowrn to
before this____day of_____, 20___.
Notary Public_____, 25___.
My Commission Expires_____, 20___.

54

IN THE
CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

WILLIE NORWOOD,                       )     Indictment No. 83 C 006076-01
                                      )
                 Petitioner,          )
                                      )
         -v-                          )
                                      )
PEOPLE OF THE STATE OF ILLINOIS,)           Joseph G. Kazmierski, Jr.
                                      )           Presiding Judge
                 Respondents.         )

## NOTICE OF APPEAL

Pursuant to Illinois Supreme Court Rule 651, notice is hereby
given that petitioner, Willie Norwood, in the above entitled
matter intends, in good faith, to Appeal to the Illinois Appellate
Court the order entered by the Honorable Joseph G. Kazmierski in
the above matter on July 15, 2005, dismissing petitioner's Petition
For State Habeas Corpus.

Respectfully submitted,

Willie Norwood
_____
Petitioner (pro se)

Willie Norwood
P.O.Box 112 - #A- 72676
Stateville Correctional Center
Joliet, Illinois 60434-0112

55

IN THE
CIRCUIT COURT OF COOK COUNTY
CRIMINBAL DIVISION

WILLIE NORWOOD,                          )
                                         )
          Petitioner,                    )
                                         )
          -v-                            )
                                         )
PEOPLE OF THE STATE OF ILLINOIS,         )
                                         )
          Respondents.                   )

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner, Willie Norwood, pro se, comes before this court and respectfully request that counsel be appointed to assist him in the preparation and presentation  of this appeal. Further in support petitioner states:

1.)     Petitioner is incarcerated at Statville Correctional Center. a branch of the Illinois Department of Correction, were he has continuously been since his conviction and sentence.

2.)     He presently does not have a job, and is on unassign status within the Department of Corrections, and spend the bulk of his time locked in his cell.

3.)     He has no property, no saving account, no bank account, no funds of any kind with which to hire an attorney to assist him in this appeal, or pay for these proceedings.

4.)     He submit that the best ends of justice will be served if he is allowed to proceed on appeal without the cost of payment, and if a member of the Illinois Appellate Defender's office is appointed to assist him on this appeal.

WHEREFORE, petitioner prays this court will grant him the relief requested herein.

Respectfully submitted,

_Willie Norwood_____
          Petitioner (pro se)

Willie Norwood
P.O.Box 112 - #A-72676
Stateville Correctional Center
Joliet, Illinois 60434-0112

56

IN THE
CIRCUIT COURT OF COOK COUNTY
~~CRIMINAL DIVISION~~

WILLIE NORWOOD,                          )
                                         )
                    Petitioner,          )
                                         )
          -vs-                           )
                                         )
PEOPLE OF THE STATE OF ILLINOIS,)
                                         )
               Respondents.     )

## NOTICE AND PROOF OF SERVICE

TO:
     Richard Devine - State's Attorney
     Of Cook County - Criminal Division
     2650 So. California
     Chicago, Illinois 60608

     Please be advise that on this 22 day of June, 2005, I have cause to be file with the clerk of the above court the enclosed documents entitled: **Motion For Leave To Proceed In Forma Pauperis; Motion For Appointment of Counsel; Petitioner's Petition For State Habeas Corpus W/Memrandum Of Law and Exhibits,** by placing the same into the hands of Stateville Correctional Official, postage fully pre-paid, to be deposited in the U.S.Mail chute, with a true and exact copy of the same being served upon the State's Attorney at the above address.

                      Respectfully submitted,

                      Willie Norwood

                      Petitioner (pro se)

                      Willie Norwood
                      P.O.Box 112 - #A-72676
                      Stateville Correctional Center
                      Joliet, Illinois 60434-0112

COUNTY OF WILL      )
                    )SS
STATE OF ILLINOIS   )

### AFFIDAVIT

I, _Willie Norwood_ , pro se, deposes and swear under
penalty of perjury that I drop this petition in the mail at
Stateville Correctional Center on the date and time states in
the Notice of Proof of Service, postage fully pre-paid.

Respectfully submitted,

_Willie Norwood_
affiant

Willie Norwood
P.O.Box 112 - #A-72676
Joliet, Illinois 60434

Subscribed and sowrn to
before me this _22nd_ day of _June_ , 20_05_.
Notary Public _Crystal L. Mason_
My Commission Expires_____, 20___.



"OFFICIAL SEAL"
Crystal L. Mason
Notary Public, State of Illinois
My Commission Exp. 11/10/2008

58

IN THE
CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

WILLIE NORWOOD,                           )
                                          )
                Petitioner,               )    Indictment No. 83 C 6076
                                          )
            -vs-                          )    Case No. _____
                                          )
PEOPLE OF THE STATE OF ILLINOIS,          )    Joseph G. Kazmierski, Jr.
                                          )         Presiding Judge
                Respondents.              )

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Now comes petitioner, Willie Norwood, pro se, who respectfully
moves this Honorable Court for an order allowing him to proceed
in this matter in forma pauperis because petitioner is unable to
pay the cost of these proceedings or give security, petitioner
believe that he is entitled to relief, and expected to bring this
action. In support, petitioner states:

1.)    Petitioner states that he is a ward of the Illinois
Department of Correction, Stateville Correctional Center, and have
been a ward of the state since his conviction and sentence.

2.)    Due in part to the over crowded prison system, and
the fact that petitioner is confine to his cell continously, he
does not have a prison job, and only received $10.00 a month state
pay, except when the prison is placed on lockdown.

3.)    Petitioner has no bank account, saving account, bus-
iness, nor does he own any property. He has no guarantee source of
income other than the monthly state pay.

4.)    Petitioner does not have any stock, bonds, notes, auto-
mobile, or any other properties of value or  worth.

WHEREFORE, petitioner prays this court will allow him to pro-
ceed in these proceeding as a poor person.

Respectfully submitted,

_Willie Norwood_

Willie Norwood
P.O.Box 112 - #A-72676
Joliet, Illinois 60434-0112

59

IN THE
CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

WILLIE NORWOOD,                     )
                                    )
            Petitioner,             )        Indictment No. 83 C 6076
                                    )
        -vs-                        )
                                    )
PEOPLE OF THE STATE OF ILLINOIS,)            Joseph G. Kazmierski, Jr.
                                    )              Presiding Judge
            Respondents.            )
                                    )

## MOTION FOR APPOINTMENT OF COUNSEL

Now comes petitioner, Willie Norwood, pro se, who respectfully move this court for an order appointing him counsel to assist him in these proceedings. In support thereof, petitioner states:

1.)    Petitioner states that he is without income or assets with which to pay the cost of these proceedings or to hire an attorney to represent him.

2.)    Petitioner believe that he has a constitutional right to bring this petition which has merits, but because he cannot afford to hire counsel, and cannot properly defend this matter before the court.

3.)    Petitioner knows that best interest of justice will be served by appointment of counsel to assist him in this matter.

4.)    Petitioner states that while he has a constitutional right of access to the court, without competent legal assistance, this right will be inadequate, ineffective, and meaningless.

WHEREFORE, petitioner pray this court will appoint him counsel to assist and perfect these matter before this court.

Respectfully submitted,

Willie Norwood

Petitioner (pro se)

Willie Norwood
P.O.Box 112 - #A-72676
Joliet, Illinois 60434-0112

IN THE
CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

WILLIE NORWOOD, )
)
Petitioner, )        Indictment Number 83 C 6076
)
-vs- )                Case No. _____
)
PEOPLE OF THE STATE OF ILLINOIS,)   Joseph G. Kazmierski, Jr.
)                Presiding Judge
Respondents. )

### PETITIONER"S PETITION FOR STATE HABEAS CORPUS

Now comes petitioner, Willie Norwood, pro se, who respectfully
moves this Honorable Court pursuant to Illinois Revise Statute, 19-
61, Chapter 110, section 10-101 and 124, for the Issuance of State
Habeas Corpus, and an order for his immediate release from cust-
ody, vacating his sentence, remanding him back before the court,
and imposing the statutory maximum sentence of thirty (30) year
upon him, which would require his release from custody, where the
his current sentence under Ill.Rev.Stat.,1978, Ch.38, par.33B-1(a)
and (c) is void, and unconstitutional. In support of this, he fur-
ther states:

### STATEMENT OF FACTS

1.)    Petitioner was indicted by the Cook County Grand Jury
under indictment number 83 C 6076, for the offense of Rape, Armed
Robbery, and Two (2) count of Home Invasion in 1983.

2.)    After a trial by jury, petitioner was subsequently
found guilty of the offenses.

3.)    Having been found guilty of a CLASS X felony, the trial
court was required by law to sentence petitioner to a term of im-
prisonment for not less than six (6) years and not more than thirty
(30) years. (Ill.Rev.Stat.,1983, Ch.38, par. 1005-8-1(3).)

4.)    Before sentencing, the prosecution filed with the
court a petition entitled Petition for the Imposition of Natural
Life Imprisonment. It was the prosecution position that petitioner

-2-

had previously been convicted and sentence to prison under two previous convictions, one under indictment number 73-3919 for the offense of Rape and Burglery, and the second under indictment number 76-3766 for the offense of murder.

5.)    In 1978, Illinois enacted the Mandatory Life Sentence Third of Subseqent Forcible Offense. (Ill.Rev.Stat.,1978, par.33B -1, Public Act 80-1099.)  In pertient part, this Act stated:

> "33B-1.   (a)   Every person who has been convicted in this State of either of the crimes of treason; murder; rape, deviate sexual assault; armed robbery; aggravated arson; or aggravated kidnapping for ransom, and is there- after convicted of any one of such crimes, committed after the 2 prior convictions, shall be adjudge a habitual criminal and be imprison- ed in the penitentiary for life. The 2 prior convictions need not have been for the same crime. A person so adjudged shall not receive any other sentence, or ever be eligible for release.
>
> (c)   This Article shall not apply unless (1) the first felony was committed after the effect- ive date of this Act; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after con- viction on the second." (see Petitioner attached exhibit No.1,1(a),(b), and (c).)

6.)    In 1981 Illinois legislative amended the Act under Public Act 81-1270, sec.1, effective July 3, 1980. The amendatory Act states:

> "33B-1.   (a)   Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a CLASS X felony or murder, and is there- after convicted of a CLASS X felony or murder, committed after the 2 prior convictions, shall be adjudged an habitual criminal.
>
> (d)   This Article shall not apply unless each of the following requirement are satisified;
>
> (1)   The third offense was committed after the effective date of this Act;

62

-3-

(2)    The third offense was committed within
20 years of the date of judgment was entered
on the first conviction, provided, however,
that time spent in custody shall not be count-
ed;

(3)    The third offense was committed after
conviction on the second offense;

(4)    The second offense was committed after
conviction on the first offense." (see Petitioner's
attached exhibit No. 2.)

7.)    Based upon its erroneous interpretation of the statute
the trial court sentence petitioner beyond the maximum sentence of
thirty (30) years, to life imprisonment.

8.)    When Illinois legislative wrote the Act, that is, Ill.
Rev.Stat.,1978, Ch.38, par.33B-1, they did not intend for the Act
to be retoractive, they specially wrote par. (c), which clearly
states:

"(c)  This Article shall not apply unless
(1) the first felony was committed after
the effective date of this Act; . . . " (see attached
exhibit No. 1(b).)

The Act went further to states when and at which time the second,
and third crime where to start, it provided:

" . . . and (2) the second felony was commit-
ted after conviction on the first; and (3)
the third felony was committed after con-
viction of the second."

9.)    Since the enactment of the Act in 1978, the prosecut-
ion and the lower court have been applying the statute arbitrarily
and capriciously, they applied it to petitioner in an unconstitut-
ional manner to deprive petitioner of his rights to due process
and equal protection under the Fourteenth Amendment to the United
States Constitution, and under the Constitution of the State of
Illinois.

10.)    Under the 1983 amendmentory statute, it provides only
that, that is, Ill.Rev.Stat.,1983, Ch.38, par.(d)(1);

63

-4-

"(d)    This Article shall not apply unless each of the following requirements are satisfied:

(1)    The third offense was committed after the effective date of this Act;

(2)    The thirdoffense was committed within 20 years of the date that judgment was entered on the first conviction, provided, however, that time spent in custody shall not be counted.

(3)    the third offense was committed after conviction on the second offense;

(4)    the second offense was committed after conviction on the first offense." (see attached exhibit No.2.)

11.)    By the term "Article" as used by the legislative in the amendatory Act, sub-section (d)(1) and (2) was only a separate section of their written Act, or statement of their intent as to the "third offense" effective date. But the "Act" itself remained the same, and the effective date of the Act was and is February 1, 1978.

12.)    Make no mistake about it, under the 1978 enactment of the Act, only Illinois felony convictions that occurred after the February 1, 1978, effective date, of the statute could be used to trigger application of the "Act," the legislative never intended for the Act to be retroactive, only prospectively.

13.)    Even the Legislature realize the prejudice of applying the statute retroactively would create upon a defendant and his constitutional rights. By using the 1983 amendatory statutue of Ill.Rev.Stat., 1983, Ch.38, par. 33B-1, the State would have this court believe it had the legal authority to reach back before the effective date of the "Act", Ill.Rev.Stat.,1978, Ch.38, par. 33B-1(c), and revive petitioner's time-barred 1973 prior conviction and sentence, and use that to enhance his current, 1984, sentence beyond the statutory maximum of thirty (30) year to life imprisonment.

14.)    Ill.Rev.Stat., Ch.38, sec. 3-5(a) and (b) of the General Limitation period provided that the offense of Rape of which petitioner plead guilty

64

-5-

too, had a limitation period of 3 years or less.

15.)     The offense of Rape for which petitioner plead guilty too, occeurred during the year of 1973, the limitation period for such offense would have expired during the year of 1976, some two years before the enactment of the Act, that is, Ill.Rev.Stat.,1978, Ch.38, par. 33B-1(a) and (c).

16.)     Under the due process and equal protection clause of the Fourteenth Amendment of the United States Constitution, and the Constitution of Illinois, petitioner submit that he had a vest right in the limitation period, and that he was stripped of those rights.

17.)     Because the time period had elapse on his 1973 conviction and sentence as of 1976, petitioner was unconstitutionally sentenced to life imprisonment in 1984 based upon his 1973 prior conviction, under Ill.Rev.Stat., 1978, Ch.38, par. 33B-1(c).

18.)  Petitioner states that when the amendatory act of 1983 was written, the legislative also wrote into law a saving clause, which provides, in part, that the abolition of any offense by this act does not affect any penalty accrued under any law in effect immediately prior to the effective date of this amendatory act.  (see  People -v- Tanner (1963), 27 Ill.2d 82, at 84-85, 188 N. E.2d 42, at 43.)

19.)     The constitutional error raised by petitioner shows that the error underminded the accuracy of the sentencing determination, resulting in a serious "miscarriage of justice," petitioner maintains that he is "actually innocent" of any claims or facts that he  is eligible to be adjudged a criminal under 33B-1(a).

20.)     Petitioner is a entitled to a full and fair opportunity to a fact-intensive hearing, on the merits, of the constitutionality of his prior conviction where it was incorporated into a new, enhanced sentence.

21.)     Petitioner submit that he was eneligible to be adjudged a habitual criminal under 33B-1(a) based upon a time-barred prior conviction which occurred before the effective date of the Act, and for which, was time-barred under the old law, and remained time-barred under the new law.

22.)     Petitioner submit that Ill.Rev.Stat., Ch.38, par. 33B-1 is an

65

-6-

unconstitutional statute, and used against petitioner in a discriminatory manner in which the prosecution and the court used, and twisted the wording of the legislative intent under Ill.Rev.Stat.,1978, Ch.38, par. 33B-1(a) and (c), and Ill.Rev.Stat.,1983, Ch.38, par.33B-1, to accomplish their illegal objective, which was sentence petitioner to life imprisonment.

WHEREFORE, petitioner ask this court to set this matter down for an immediate hearing; ordering respondents to answer the allegations herein; and then grant petitioner the relief he seeks which is to be re-sentence to no more than the maximum authorized by law which is thirty (30) years, and thereafter, issue a writ of habeas corpus ordering petitioner immediate release from custody.

Respectfully submitted,

Petitioner (pro se)

Willie Norwood
P.O.Box 112 - #A-72676
Stateville Correctional Center
Joliet, Illinois 60434-0112

66

—7—

STATE OF ILLINOIS )
                  ) SS
COUNTY OF WILL    )

## AFFIDAVIT

I declare under penalty of perjury that I have read the attached Petition For State Habeas Corpus, and know it to be true and accurate to the best of my knowledge and ability, I further understand that I can be prosecuted for any false statements in this petition.

Date: _June 22_, 20 05.

_Willie Norwood_
         affiant

Willie Norwood
P.O.Box 112 – #A-72676
Stateville Correctional Center
Joliet, Illinois 60434-0112

Subcribed and sowrn to
before me this 22nd day of _June_, 20 05.
Notary Public _Crystal L. Mason_,
My Commission Expires _____

"OFFICIAL SEAL"
Crystal L. Mason
Notary Public, State of Illinois
My Commission Exp. 11/10/2008

67

IN THE
CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

WILLIE NORWOOD,                         )
                                        )
                    Petitioner,         )      Indictment No. 83 C 6076
                                        )
          -vs-                          )      Case No. _____
                                        )
PEOPLE OF THE STATE OF ILLINOIS,        )      Joseph  G. Kazmierski, Jr.
                                        )           Presiding Judge
                    Respondents.        )

MEMORANDUM OF LAW

     Under Illinois law, a person imprisoned or otherwise restrained  of his
liberty may apply for habeas corpus to be released from such imprisonment
if it is proved to be unlawful. Under the Habeas Corpus Act, a court has
jurisdiction to direct a release from custody where:

> "(1) the court exceeded it's jurisdiction; (2) the
> original punishment was unlawful but the defendant
> has become entitled to discharge by subsequent event;
> (3) the process was defective or unauthorized; (4)
> a person having custody of the prisoner is not au-
> thorized to detain him; (5) the process appears to
> have been obtained by false pretense or bribery; and
> (6) there is no general law or criminal conviction
> authorizing detention."

     Petitioner was sentenced in 1984 on the current conviction beyond the
maximum statutory maximum of thirty (30) years imprisonment, to life imprison-
ment. Petitioner has alleged facts in his State Habeas Corpus petition showing
that his life sentence was not authorize by 33B-1(a) and (c) of the 1978 Act;
that his  1973 conviction and sentence was void, where it was time-barred under
the old law, and remain time-barred under the new law; and that Ill.Rev.Stat.,
1978, Ch.38, par.33B-1(a) and (c), and Ill.Rev.Stat.,1983, Ch.38, par. 33B-1
are unconstitutional, and unconstitutionally vague as applied to petitioner.

     Petitioner seeks the same relief afford by the United States Supreme Court
in the decision of United States -v- Tucker (1972), 404 U.S. 443, 92 S.Ct. 589,
which is a new sentence uninfluenced by his 1973 void conviction.

     To obtain relief under the Habeas Corpus Act of Illinois, petitioner must

68

-2-

show that his current confinement violates Illinois Constitution or laws of
the United States Constitution, this will be so only if the prior judgment not
only are invalid but also were used to augment the current sentence. (see
35 ILCS 5/10-12;  Crank -v- Duckworth (7th Cir.,1990), 905 F.2d 1090.) Petit-
ioner has met this burden, where:

> (a)    Petitioner was denied due process of law where
> the statute of limitation precluded the court from en-
> hancing his current sentence to life imprisonment under
> 33B-1(a) and (c), 1978, where his 1967 conviction and
> sentence was void because it was time-barred under the
> old law and remained time-barred under the new law. (see
> Sepmeyer -v- Holman (1994), 162 Ill.2d 249, 642 N.E.2d 1242,
> 205 Ill.Dec. 125; M.E.H. -vs- L.H. (1997), 177 Ill.2d 207,
> 685 N.E.2d 335, 226 Ill.Dec. 232.)
>
> (b)    Petitioner states that Ill.Rev.Stat.,1978, Ch.38,
> par.33B-1(a) and (c) and Ill.Rev.Stat.,1983, Ch.33B-1
> is unconstitutional, and applied to him in a discrimi-
> tory and unconstitutional manner. (see People -v- Bryant
> (1989),  128 Ill.2d 448, 132 Ill.Dec. 415, 539 N.E.2d
> 1221 (Constitutional challenge to statute can be raised
> at any time.))

Petitioner states that the sentencing court exceeded it jurisdiction in
sentencing petitioner beyond the statutory maximum of thirty (30) year in
prison; the process which the court employed to sentence petitioner to life
imprisonment was defective and not authorized under the laws of Illinois;
and the parties having custody of petitioner is not authorized to  continue
detaining petitioner.

WHEREFORE, petitioner ask this court to set this matter down for a hearing
on the merit of his claim, a hearing during which petitioner is present.
Further, that once this court finds that petitioner has proven his claim, that
this court issue a writ of Habeas Corpus, ordering petitioner's immediate
release from custody.

Respectfully submitted,

Willie Norwood

Petitioner (pro se)

Willie Norwood
P.O.Box 112 - #A-72676
Stateville Correctional Center
Joliet, Illinois 60434-0112

.69

Petitioner's Exhibit
No. 1, 1(A), 1(b), 1(c)

*This Tell you That it was The wrong way to Section*

## PUBLIC ACT 80-1098.                                                 3264

...offense, the court may sentence such defendant to:

(1) a period of conditional discharge;

(2) a fine.

(f) When a corporation or an unincorporated association is convicted of an offense, the court may sentence it to:

(1) a period of conditional discharge;

(2) a fine.

(g) In no case shall an offender be eligible for a disposition of probation or conditional discharge for a Class 1 felony committed while he was serving a term of probation or conditional discharge for a felony.

(h) This Article shall not deprive a court in other proceedings to order a forfeiture of property, to suspend or cancel a license, to remove a person from office, or to impose any other civil penalty.

Section 3. This Act takes effect upon its becoming a law.

Passed in the General Assembly July 1, 1977.

Governor returned bill to General Assembly September 22, 1977.

Amendatory Veto Overridden November 23, 1977.

## PUBLIC ACT 80-1099.

### CRIMINAL LAW AND PROCEDURE.

CRIMINAL CODE — CORRECTIONS CODE — CLASS X FELONY CREATED — EFFECTIVE DATE.

(House Bill No. 1500. Approved December 28, 1977.)

AN ACT in relation to the criminal justice system in Illinois.

*Be it enacted by the People of the State of Illinois, represented in the General Assembly:*

Section 1. Sections 8-4, 10-2, 11-1, 11-3, 18-2, 20-1.1, 30-1, 31-A, 33-1, 33A-1, 33A-2 and 33A-3 of the "Criminal Code of 1961" approved July 28, 1961, as amended, are amended, and Article 33B and Section 12A.1 are added thereto, the amended and added Sections and added Article to read as follows:

(Ch. 38, par. 8-4)

§ 8-4. Attempt. (a) Elements of the Offense.

A person commits an attempt when, with intent to commit a

Changes or additions indicated by *italics* deletions by strikeout.

## PUBLIC ACT 80-1099.                                                 3265

specific offense, he does any act, which constitutes a substantial step toward the commission of that offense.

(b) Impossibility.

It shall not be a defense to a charge of attempt that because of a misapprehension of the circumstances it would have been impossible for the accused to commit the offense attempted.

(c) Sentence.

A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but, except for an attempt to commit the offense defined in Section 33A-2 of this Act,

(1) the sentence for attempt to commit murder shall not exceed the sentence for a Class X felony;

(2) *the sentence for attempt to commit a Class X felony shall not exceed the sentence for a Class 1 felony;*

(3) (2) the sentence for attempt to commit a Class 1 felony shall not exceed the sentence for a Class 2 felony;

(4) (3) the sentence for attempt to commit a Class 2 felony shall not exceed the sentence for a Class 3 felony; and

(5) (4) the sentence for attempt to commit any felony other than those specified in Subsections (1), (2), and (3) and (4) hereof shall not exceed the sentence for a Class 4 felony.

(Ch. 38, par. 10-2)

§ 10-2. Aggravated kidnaping. (a) A kidnaper within the definition of paragraph (a) of Section 10-1 is guilty of the offense of aggravated kidnaping when he:

(1) Kidnaps for the purpose of obtaining ransom from the person kidnaped or from any other person, or

(2) Takes as his victim a child under the age of 13 years, or

(3) Inflicts great bodily harm or commits another felony upon his victim, or

(4) Wears a hood, robe or mask or conceals his identity, or

(5) Commits the offense of kidnaping while armed with a dangerous weapon, as defined in Section 33A-1 of the "Criminal Code of 1961".

As used in this Section, "ransom" includes money, benefit or other valuable thing or concession.

(b) Sentence.

(1) *Aggravated kidnaping for ransom is a Class X felony for which an offender may be sentenced to death under Section 5-5-3 of the Unified Code of Corrections: if the accused is found guilty by a jury, a sentence of death shall not be imposed by the court unless the jury's verdict so provides in accordance with Section 5-5-3 of the Unified Code of Corrections.*

(2) *Aggravated kidnaping other than for ransom is a Class 1* felony for which an offender may not be sentenced to death.

Changes or additions indicated by *italics* deletions by strikeout.

NEW
See

Page
3265
(11)

71

## 3266

(Ch. 38, par. 11-1)

§ 11-1. Rape. (a) A male person of the age of 14 years and upwards who has sexual intercourse with a female, not his wife, by force and against her will, commits rape. Intercourse by force and against her will includes, but is not limited to, any intercourse which occurs in the following situations:

(1) Where the female is unconscious; or

(2) Where the female is so mentally deranged or deficient that she cannot give effective consent to intercourse.

(b) Sexual intercourse occurs when there is any penetration of the female sex organ by the male sex organ.

Rape is a Class X † felony for which an offender may not be sentenced to death.

(Ch. 38, par. 11-3)

§ 11-3. Deviate sexual assault. (a) Any person of the age of 14 years and upwards who, by force or threat of force, compels any other person to perform or submit to any act of deviate sexual conduct commits deviate sexual assault.

(b) Sentence.

Deviate sexual assault is a Class X † felony for which an offender may not be sentenced to death.

(Ch. 38, new par. 12-4.1)

§ 12-4.1. *Heinous Battery. (a) A person who, in committing a battery, knowingly causes severe and permanent disability or disfigurement by means of a caustic substance commits heinous battery.*

(b) *Sentence.*

*Heinous battery is a Class X felony.*

(Ch. 38, par. 18-2)

§ 18-2. Armed robbery. (a) A person commits armed robbery when *he or she* violates Section 18-1 while *he or she* carries on or about *his or her* person, or is otherwise armed with a dangerous weapon.

(b) Sentence.

Armed robbery is a Class X † felony for which an offender may not be sentenced to death.

(Ch. 38, par. 20-1.1)

§ 20-1.1. Aggravated Arson. (a) A person commits aggravated arson when by means of fire or explosive he knowingly damages, partially or totally, any building or structure, including any adjacent building or structure, and (1) he ~~which he~~ knows or reasonably should ~~has reason to~~ know that one or more persons are ~~present~~ therein, or (2) ~~any and~~ such person or persons, *suffers great bodily harm, or permanent disability or disfigurement as a result of the fire or explosion, or (3) a fireman or policeman who is present at the scene acting in the line of duty, is injured as a result of the fire or explosion.*

(b) Sentence. Aggravated arson is a Class X † felony.

Changes or additions indicated by *italics* deletions by ~~strikeout~~.

## 3267

PUBLIC ACT 80-1099.

§ 30-1. Treason. (a) A person owing allegiance to this State commits treason when he or she knowingly:

(1) Levies war against this State; or

(2) Adheres to the enemies of this State, giving them aid or comfort.

(b) No person may be convicted of treason except on the testimony of 2 witnesses to the same overt act, or on his confession in open court.

(c) Sentence. Treason is a Class X † felony for which an offender may be sentenced to death under Section 5-5-3 of the Unified Code of Corrections.

(Ch. 38, par. 31-6)

§ 31-6. Escape.

(a) A person convicted of a felony or charged with the commission of a felony who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class 2 felony.

(b) A person convicted of a misdemeanor or charged with the commission of a misdemeanor who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class A misdemeanor.

(c) A person in the lawful custody of a peace officer who intentionally escapes from custody commits a Class A misdemeanor.

(d) A person who violates Subsection (b) or (c) of this Section while armed with a dangerous weapon commits a Class 2 4 felony.

(Ch. 38, par. 33-1)

§ 33-1. Bribery. A person commits bribery when:

(a) With intent to influence the performance of any act related to the employment or function of any public officer, public employee, juror or witness, he promises or tenders to that person any property or personal advantage which he is not authorized by law to accept; or

(b) With intent to influence the performance of any act related to the employment or function of any public officer, public employee, juror or witness, he promises or tenders to one whom he believes to be a public officer, public employee, juror or witness, any property or personal advantage which a public officer, public employee, juror or witness would not be authorized by law to accept; or

(c) With intent to cause any person to influence the performance of any act related to the employment or function of any public officer, public employee, juror or witness, he promises or tenders to that person any property or personal advantage which he is not authorized by law to accept; or

(d) He receives, retains or agrees to accept any property or personal advantage which he is not authorized by law to accept knowing that such property or personal advantage was promised or

Changes or additions indicated by *italics* deletions by ~~strikeout~~.

PUBLIC ACT 80-1099.                                3268

(e)  He solicits any property or personal advantage which he is not authorized by law to accept pursuant to an understanding that he shall influence the performance of any act related to the employment or function of any public officer, public employee, juror or witness.

(f)  Sentence.

Bribery is a Class 2 felony.

(Ch. 38, par. 33A-1)

§ 33A-1.  Definitions. (a) *"Armed with a dangerous weapon". A person is considered armed with a dangerous weapon for purposes of this Article, when he carries on or about his person or is otherwise armed with a category I or category II weapon. (b) A category I weapon is a one or more of the following: pistol, revolver, rifle, shotgun, spring gun, or any other firearm, other than a sawed-off shotgun, as defined in paragraph (a) of Section 24-1 of this Code, knife with a blade of at least 3 inches in length, bludgeon, black-jack, slingshot, sand-bag, sand-club, metal knuckles, billy or any other deadly or dangerous weapon or instrument of like character, switchblade knife, stiletto, or any other deadly or dangerous weapon or instrument of like character.*

§ 33A-2.  Armed violence — Elements of the offense.

*A person commits armed violence when, while armed with a dangerous weapon, he commits any act prohibited by Sections 10-1, 10-2, 11-1, 11-2, 11-3, 12-4, 12-7, 16-1 (when a theft of property exceeding $150 in value), 19-1, 21-1, subsection (a) of Section 21-6 or subsection (b) of Section 21-7 of this Act.*

(Ch. 38, par. 33A-2)

§ 33A-3.  Sentence. *(a) Violation of Section 33A-2 with a Category I weapon is a Class X 4 felony. (b) Violation of Section 33A-2 with a Category II weapon is a Class 2 felony or the felony classification maximum sentence provided for the same act while unarmed, whichever permits the greater penalty. A second or subsequent violation of Section 33A-2 with a Category II weapon is a Class 1 felony for which an offender may not be sentenced to death.*

~~Violation of Section 33A-2 is a Class 1 felony.~~

(Ch. 38, new Article 33B)

---

3269                                PUBLIC ACT 80-1099.

*ARTICLE 33B*
*MANDATORY LIFE SENTENCE*
*A THIRD CONVICTION FOR A SUBSEQUENT SERIOUS FELONY OFFENSE*

(Ch. 38, new par. 33B-1)

§ 33B-1. *(a) Every person who has been twice convicted in this State of either of the crimes of treason, murder, rape, deviate sexual assault, armed robbery, aggravated arson, or aggravated kidnapping for ransom, and is thereafter convicted of any one of such crimes, committed after the prior convictions, shall be adjudged an habitual criminal and be imprisoned in the penitentiary for life. The 2 prior convictions need not have been for the same crime. A person so adjudged shall not receive any other sentence whatsoever, nor ever be eligible for release.*

*(b) Any such convictions which result from or are connected with the same transaction, or result from offenses committed at the same time, shall be counted for the purposes of this Section as one conviction.*

*(c) This Article shall not apply unless (1) the first felony was committed after the effective date of this Act; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second.*

(Ch. 38, new par. 33B-2)

§ 33B-2. *(a) A prior conviction shall not be alleged in the indictment, and no evidence or other disclosure of such conviction shall be presented to the court or the jury during the trial of an offense set forth in Section 33B-1 unless otherwise permitted by the issues properly raised in such trial. After a plea or verdict or finding of guilty and before sentence is imposed, the prosecutor may file with the court a verified written statement signed by the State's Attorney concerning any former conviction of an offense set forth in Section 33B-1 rendered against the defendant. The court shall then cause the defendant to be brought before it; shall inform him of the allegations of the statement so filed, and of his right to a hearing before the court on the issue of such former conviction and of his right to counsel at such hearing; and unless the defendant admits such issue, and shall make a written finding thereon. If a sentence has previously been imposed, the court may vacate such sentence and impose a new sentence in accordance with Section 33B-1 of this Act.*

*(b) A duly authenticated copy of the record of any alleged former conviction of an offense set forth in Section 33B-1 shall be prima facie evidence of such former conviction; and a duly authenticated copy of the record of the defendant's final release or discharge from probation, parole, or from sentence and parole supervision (if any) imposed pursuant to such former conviction, shall be prima facie evidence of such release or discharge.*

73

## PUBLIC ACT 80-1099.

3270

(c) Any claim that a previous conviction offered by the prosecution is not a former conviction of an offense set forth in Section 33B-1 because of the existence of any exceptions described in this Act, is waived unless duly raised at the hearing on such conviction, or unless the prosecution's proof shows the existence of such exceptions described in this Act.

(Ch. 38, new par. 33B-3)

§ 33B-3. If the person so convicted shall show to the satisfaction of the court before whom such conviction was had that he was released from imprisonment, upon either of the sentences upon a pardon granted upon the ground that he was innocent, such conviction and sentence shall not be considered under Section 33B-1.

Section 2. Section 33A-2.1 of the "Criminal Code of 1961", approved July 18, 1961, as amended, is repealed.

Section 3. Sections 3-1-2, 3-2-2, 3-3-1, 3-3-2, 3-3-3, 3-3-4, 3-3-5, 3-3-6, 3-3-7, 3-3-8, 3-3-9, 3-3-10, 3-3-12, 3-3-13, 3-5-1, 3-6-3, 3-8-7, 3-10-3, 3-12-5, 3-14-2, 3-15-1, 5-3-1, 5-4-1, 5-5-1, 5-5-2, 5-5-3, 5-6-1, 5-6-2, 5-6-3, 5-7-6, 5-7-1, 5-7-2, 5-7-8, 5-8-1, 5-8-2, 5-8-4, 5-8-6, 5-8-7 and 8-2-4 of the "Unified Code of Corrections," approved July 26, 1972, as amended, are amended, and Sections 3-3-2.1, 5-5-3.1, 5-5-3.2, 5-5-4.1, 5-5-4.2, 5-5-4.3, 5-10-1 and 5-10-2 are added thereto, the added and amended Sections to read as follows:

(Ch. 38, par. 1003-1-2)

§ 3-1-2. Definitions. (a) "Chief Administrative Officer" means the person designated by the Director to exercise the powers and duties of the Department of Corrections in regard to committed persons within a correctional institution or facility, and includes the superintendent of any juvenile institution or facility.

(b) "Commitment" means a judicially determined placement in the custody of the Department of Corrections on the basis of delinquency or conviction.

(c) "Committed Person" is a person committed to the Department.

(d) "Correctional Institution or Facility" means any building or part of a building where committed persons are kept in a secured manner.

(e) "Department" means the Department of Corrections of this State.

(f) "Director" means the Director of the Department of Corrections.

(g) "Discharge" means the final termination of a commitment to the Department of Corrections.

(h) "Discipline" means the rules and regulations for the maintenance of order and the protection of persons and property within the institutions and facilities of the Department and their enforcement.

(i) "Escape" means the intentional and unauthorized absence of

Changes or additions indicated by *italics* deletions by ~~strikeout~~.

## PUBLIC ACT 80-1099.

3271

a committed person from the custody of the Department.

(j) "Furlough" means an authorized leave of absence from the Department of Corrections for a designated purpose and period of time.

(k) "Parole" means the conditional and revocable release of a committed person under the supervision of a parole officer.

(l) "Prisoner Review Board" means the Board established in Section 3-3-1 (a), independent of the Department, to review rules and regulations with respect to good time credits, to hear cases brought by the Department against certain prisoners alleged to have violated Department rules with respect to good time credits, to set release dates for certain prisoners sentenced under the law in effect prior to the effective date of this Amendatory Act of 1977, to hear requests and make recommendations to the Governor with respect to pardon, reprieve or commutations, to set conditions for parole and mandatory supervised release and determine whether violations of those conditions justify revocation of parole or release, and to assume all other functions previously exercised by the Illinois Parole and Pardon Board.

(m) Whenever medical treatment, service, counseling or care is referred to in this Unified Code of Corrections, such term may be construed by the Department or Court, within its discretion to include treatment, service or counseling by a Christian Science practitioner or nursing care appropriate therewith whenever request therefor is made by a person subject to the provisions of this Act.

(Ch. 38, par. 1003-2-2)

§ 3-2-2. Powers and Duties of the Department. In addition to the powers, duties and responsibilities which are otherwise provided by law, the Department shall have the following powers:

(a) To accept persons committed to it by the courts of this State for care, custody, treatment and rehabilitation.

(b) To develop and maintain reception and evaluation units for purposes of analyzing the custody and rehabilitation needs of persons committed to it and to assign such persons to institutions and programs under its control or to transfer them to other appropriate agencies.

(c) To maintain and administer all State correctional institutions and facilities under its control and to establish new ones as needed. The Department shall designate those institutions which shall constitute the State Penitentiary System.

(d) To develop and maintain programs of control, rehabilitation and employment of committed persons within its institutions.

(e) To establish a system of release, supervision and guidance of committed persons in the community.

(f) to maintain records of persons committed to it and to establish programs of research, statistics and planning.

Changes or additions indicated by *italics* deletions by ~~strikeout~~.

Petitioner's Exhibit
No. 2

## CHAPTER 38—CRIMINAL LAW AND PROCEDURE

### ARTICLE 33. OFFICIAL MISCONDUCT

### ARTICLE 33A. ARMED VIOLENCE

### ARTICLE 33B. MANDATORY LIFE SENTENCE; A THIRD OR SUBSEQUENT FORCIBLE OFFENSE

### TITLE IV. CONSTRUCTION; DATE AND REPEAL

### ARTICLE 34. CONSTRUCTION; EFFECTIVE DATE

Habitual

IN THE

CIRCUIT COURT OF COOK COUNTY

CRIMINAL DIVISION

WILLIE NORWOOD, )
)
          Petitioner, )
)
    vs. )    Indictment No. 83 C 06076
)
PEOPLE OF THE STATE OF ILLINOIS, )   Hon. Joseph G. Kazmierski,
)   Judge Presiding.
          Respondents. )

## NOTICE OF FILING

To: Richard Devine
    Cook County State's Attorney
    2600 So. California Ave.
    Chicago, Ill. 60608

    This is verification that on the 22 day of February,
2005, I placed in the hands of Stateville Correctional officials
the following documents, NOTICE OF APPEAL: MOTION TO TRANSMIT
RECORDS ON APPEAL; and MOTION FOR APPOINTMENT OF COUNSEL, to be
deposited in the U.S. Mail, postage pre-paid. A copy of the same
being mailed to the attorney of record as the above address.

                      Respectfully submitted,

                      _Willie Norwood_
                      WILLIE NORWOOD, Petitioner
                      Reg. No. A-720676
                      P.O. Box 112
                      Joliet, Illinois 60434

## CERTIFICATE OF SERVICE

    I, the undersigned declare under penalty of perjury that the
foregoing is true and accurate, and that the same was placed in
the hands of Stateville Correctional Center officials on the 22
day of February, 2005., to be placed in the U.S. Mail for
delivery.

                /s/ _Willie Norwood_
                    Affiant

SUBSCRIBED and SWORN TO BEFORE ME
this _____ day of _____, 2005.

N O T A R Y   P U B L I C  _____

77

IN THE
CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

WILLIE NORWOOD,                    )
                                   )
                Petitioner,        )
                                   )
        vs.                        )        Indictment No. 83 C 06076
                                   )
PEOPLE OF THE STATE OF ILLINOIS,   )
                                   )        Hon. Joseph G. Kazmierski,
                Respondents.       )        Judge Presiding.

### MOTION FOR APPOINTMENT OF COUNSEL
### AND TO PROCEED IN FORMA PAUPERIS

Petitioner WILLIE NORWOOD, pro se, comes before this Court and respectfully request that he be permitted to appeal in forma pauperis and for the appointment of counsel.  In support he further states:

1.) Petitioner is presently incarcerated at Stateville Correctional Center, a branch of the Illinois Department of Corrections; he has been a ward of the State since his conviction and sentence in the above entitled cause, since the year of 1984.

2.) He has no property, no savings account, no bank account, and without means and  sufficient funds to hire an attorney to represent him in this matter or pay the cost of these proceedings.

3.) He submits that the best interest of justice will be served if he is allowed to proceed on appeal without the cost of payment and if a member of the Illinois Appellate Defenders Office or other counsel is appointed to represent him on appeal.

WHEREFORE, Petitioner prays that this Honorable Court grant the relief requested in this motion.

Date: 2/22/05

Respectfully submitted,

WILLIE NORWOOD, Petitioner
Reg. No. A-720676

78

IN THE

CIRCUIT COURT OF COOK COUNTY

CRIMINAL DIVISION

WILLIE NORWOOD,                    )
                                   )
            Petitioner,            )
                                   )      Indictment No. 83 C 06076
                                   )
       vs.                         )
                                   )
People of the State of Illinois,   )      Hon. Joseph J. Kazierski,
                                   )      Judge Presiding.
            Respondents.           )

## NOTICE OF APPEAL

Pursuant to Supreme Court Rule 651, Notice is hereby given that petitioner, WILLIE NORWOOD, in the above entitled matter intends, in good faith, to appeal to the Illinois Appellate Court the order entered by the Honorable Joseph G. Kazierski, on or about February 4, 2005, dismissing his post-conviction petition.

Date: _2/23/05_____

                              Respectfully submitted,

                              _Willie Norwood_____
                              Willie Norwood, Petitioner
                              Reg. No. A-72676
                              P.O. Box 112
                              Joliet, Ill. 60434-0112

79

IN THE
CIRCUIT COURT OF CCOK COUNTY
CRIMINAL DIVISION

WILLIE NORWOOD, )
)
          Petitioner, )
)
     vs. )                         Indictment No. 83 C 06076
)
PEOPLE OF THE STATE OF ILLINOIS, )
)                         Hon. Joseph G. kazierski,
          Respondents. )          Judge Presiding.

## MOTION TO TRANSMIT ALL RECORDS ON APPEAL

Pursuant to Illinois Supreme Court Rule 605-608 petitioner, WILLIE NORWOOD, moves this Honorable Court for an order requiring the clerk of the court to prepare and transmit the records in the above entitled matter to the proper Illinois Appellate Court, this includes the Common-Law records, all motions, the proceedings from December 22, 2004 until February 4, 2005, and all other days when the Court was in session and hearing matters in this case. Further, Petitioner desires that the appeal be heard on the full record from the Court below.

WHEREFORE, Petitioner prays that this Honorable Court will grant the relief sought in this motion.

Date: 2/22/05

Respectfully submitted,

Willie Norwood, Petitioner
Reg. No. A-72676
P.O. Box 112
Joliet, Ill. 60434-0112

IN THE
CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

RECEIVED

FEB 1 5 2005

CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

WILLIE NORWORD,                    )
                                   )
            Petitioner,            )
                                   )
      vs.                          )        Indictment No. 83 C 6076
                                   )
PEOPLE OF THE STATE OF ILLINOIS,)
                                   )        Joseph G. Kazmierski, Jr.
            Respondents,           )        Judge Presiding.

AMENDED PETITION FOR RELIEF FROM JUDGMENT

Now comes petitioner, WILLIE NORWOOD, pro se, who respect-
fully moves this Honorable Court for leave to amend his petition
currently pending before this Court, and to issue an order, vacat-
ing the sentence imposed upon petitioner. In support thereof,
petitioner states as follows;

FIRST CLAIM:

1.) In 1983, petitioner was indicted by the Cook County Grand
Jury, under indictment number 83 C 6076, for the offenses of rape,
armed robbery and two (2) counts of home invasion, and was sub-
sequently found guilty of all the above mentioned offenses.

2.) In 1984, during the sentencing phase of the proceeding,
the prosecution filed a petition seeking to have petitioner adjud-
ged an habitual criminal, and sentenced to life imprisonment,
based upon a 1973 conviction for the offense of rape, in which
petitioner received the mandatory minimum sentence of one (1) to
four (4) years in prison, under indictment number 73 3919.

3.) After consideration, the trial court agreed with the
prosecution, adjudged petitioner a habitual criminal, and sen-
tenced him beyond the statutory maximum of 30 years, to life
imprisonment.

4.) In 1973, petitioner was charged, under indictment number 73 3919, with having committed the offense of rape.  On January 23, 1974, as part of a negatiated plea agreement, petitioner pled guilty to a lesser charge of rape and was subsequently sentenced to the mandatory minimum sentence of one (1) year in prison, which is a void sentence to this date. (See <u>People v. Wade</u> (1987), 116 Ill.2d 1, 506 N.E.2d 954.)

5.) In 1978, Illinois enacted the Mandatory Life Sentence For A third or subsequent Forcible Offense.  (Ill.Rev.Stat., 1978, ch. 38, par. 33B-1; Public Act, 80-1099.)  In pertinent part, the statute states:

> "33B-1.  (a)  Every person who has been convicted in this state of either of the crimes of treason; murder; rape; deviate sexual assault; armed robbery; aggravated arson; or aggravated kidnapping for ransom, and is there-after convicted of any one of such crimes, committed after the 2 prior convictions, shall be adjudged a habi-tual criminal and be imprisoned in the penitentiary for life.  The 2 prior convictions need not have been for the same crime.  A person so adjudged shall not receive any other sentence, or ever be eligible for release.
>
> (c)  This Article shall not apply unless (1) the first felony was committed after the effective date of this Act; and (2) the second felony was committed after con-viction on the first; and (3) the third felony was com-mitted after the conviction on the second." (See attach-ed exhibit No. 1.)

6.) In 1981, 33B-1 was subsequently amended under Public Act 81-1270, sec. 1, effective July 3, 1980.  The statute read:

> "33B-1.  (a)  Every person who has been twice convicted in any state or federal court for any offense that con-tains the same elements as an offense now classified in Illinois as a CLASS X felony or murder, committed after 2 prior convictions, shall be adjudged a habitual criminal.
>
> (d)  This Article shall not apply unless each of the following requirement are satisfied;
>
> (1)  The third offense was committed within 20 years of date of judgment entered on the first conviction, provided however, that time spent in custody shall not be counted;

- 2 -

(3)  The third was committed after conviction on the second offense;

(4) The second offense was committed after conviction on the first offense."  (See attached exhibit No. 2.)

7.) Petitioner submit that the Amendatory Act of 1983 was never intended to repeal the original Act of 1973, where the statute specifically stated subsection (c) that: "This Article shall not apply unless (1) the first felony was committed after the effective date of this Act,"  because the Act contained a savings clause.

8.) Petitioner submit that he was denied due process of law under the Fourteenth Amendment of the United States Constitution, and Article I, Sec. 2, of the Illinois Constitution of 1970, when the trial court ignored the savings clause and acted as though Ill.Rev.Stat., 1978, ch. 38, par. 33B-1(c), never existed or applied to petitioner.  This section made petitioner ineligible to be sentenced as a habitual criminal.

9.) Petitioner submit that the legislature was aware that a defendant had a vested right and a due process right when they enacted 33B-1(c), and gave it the effective date of February 1, 1978.

10.) The amendatory Act of 1983 to 33B-1 does nothing more than explain the original Act of 1978.  It does not give authority to exceed the effective date of the original Act.

11.) The State would have the Court believe that it had the legal authority to reach back and revive petitioner's time-barred 1973, 1976 prior conviction because the amendatory Act of 1983 makes no mention of the effective date written into the original Act of 1978.  But being scholars of the law, the State knew that the amendatory Act of 1983, did not and could not repeal the original

Act of 1978, because a savings clause, as such, the court applied the 1983 statute in an unconstitutional manner to sentence petitioner to life imprisonment. (See People v. Tanner (1963), 27 Ill.2d 82, at 84-85, 188 N.E.2d 42, at 43.)

12.) Petitioner submit that he had a "vested right" in the original Act, and that he was deprived of due process and equal protection under the law when that trial court stripped him of those rights.

## MEMORANDUM OF LAW

An identical argument raised by petitioner was addressed by the Supreme Court in People v. Tanner (1963), 27 Ill.2d 82, 188 N.E.2d 42, where the Court held "No new law shall be construed to repeal a former law whether such former law is expressly repleaded or not," the court went on to hold that:

> "The new Code this explicitly incorporates by reference section 4 of the Statutory Construction Act, Ill.Rev. Stat., 1961, ch. 131, sec. 4, which, so far as is relevant to the narrow question now before us, is as follows: 'No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against a former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatsoever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law take effect, * * * This section shall extend to all repeals, either by expressed words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act." Id., at 84-85, 188 N.E.2d at 43.

Petitioner submit that section 4 of the Statutory Construction Act, Ill.Rev.Stat., 1961, ch. 131, sec. 4, is applicable here, where the amendatory Act of 1983 was never meant to repeal subsection (c) of 33B-1, the original Act of 1978, and that the statute was applied in an unconstitutional way to enhance petitioner's sentence beyond the mandatory 30 years imprisonment

- 4 -

84

authorized by the law.

Also, Ill.Rev.Stat., ch. 38, sec. 3-5(a) and (b) of the
General Limitation period provides that the offense of
for which petitioner pleaded guilty to in 1973 had a   year limi-
tation period, after which, the State could not even bring rape
charges against petitioner for such offense.

The offense of rape for which petitioner was charged, occured
on January 23, 1974.  The limitation period would have expired in
1977, one (1) year before enactment of 33B-1 became effective on
February 1, 1978.  Thus, petitioner submit that he was denied due
process of law and equal protection under the law when the trial
court, in 1984, reached back and revived a time-barred prior con-
viction - a conviction which was barred by the statute of limita-
tion.

The same argument, as the one raised by petitioner, was
addressed by the Supreme Court in Sepmeyer v. Holman (1994), 162
Ill.2d 249, 642 N.E.2d 1242, 205 Ill.Dec. 125, a case in which
the plaintiff argued that the retroactive application of a statute
does not offend (the) constitutional protection because the claims
are revived only against those convicted of serious crimes.  The
Supreme Court rejected this argument, and held that:

> "We do not agree that Holman's status as a convicted
> murderer enlarges legislative powers to reach back and
> realign parties in a tort case extinguished by the pass-
> age of time.  In Blodgett, this court expressly rejected
> the Federal view that the statute of limitations as a
> mere procedural bar to actions. (Blodgett, 155 Ill. 441,
> 40 N.E. 1025)(rejecting Supreme Court's decision in Camp-
> bell v. Holt (1885), 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed.
> 483.)  Instead, this court declared that "(t)he immunity
> from suit which arises by operation of the Statute of
> Limitations is as valuable a right as the right to bring
> the suit itself." (Blodgett, 155 Ill. at 449, 40 N.E.
> 1025.)  Furthermore, this court stated that the right to
> assert such a defense "is as much to be protected as any
> other right that a man has." (Blodgett, 155 Ill. at 450,
> 40 N.E. 1025.)  Thus, jurisprudence has given the Statute

85

of Limitations defense in civil cases the same substantive nature it accorded in criminal cases. Given this characterization, we do not agree that Holman's status a a convicted murderer enlarges the legislative powers to suspend the due process protection afforded a vest defense in a civil tort case." Id., 162 Ill.2d at 255-256, 64 N.E.2d at 1245, 205 Ill.Dec. at 128.

And again, in the case of M.E.H. v. L.H. (1977), 177 Ill.2d 207, 266 Ill.Dec. 232, 685 N.E.2d 335, the Supreme Court of Illinois once again stated;

"Although the present matter involves a statute of repose rather than a statute of limitation, there are no basis for applying a different rule. In terms of a defendant's due process rights, the situations are the same. Accordingly, we agree with the circuit and appellate courts that repeal of statutory repose period could not operate to revive plaintiffs' claim. If the claim were time-barred under the old law, they remained time-barred even after the repose period was abolished by the legislative." Id., at 215, 685 N.E.2d at 339, 226 Ill.Dec. at 236.

Petitioner submit that 33B-1 was applied in the present case in an uncionstitutional manner, where it specifically prohibited the sentencing court from reaching back beyond February 1, 1978, the effective date of the Act., and applying a time-barred prior prosecution to enhance petitioner's sentence beyond the maximum authorized by law; and in so doing, the court deprived petitioner of due process under the law where the prior conviction used to enhance his sentence was barred by the Statute of Limitations. Petitioner ask this court for an order vacating the sentence imposed upon him, and order petitioner's immediate release for custody. (See also People v. Lansing (1966), 35 Ill.2d 247, 220 N.E. 2d 218.)

Date: 2/8/05

State of I L  County of Cook

Signed before me on this 8th day of February, 2005 by

Notary Public  Crystal L. Mason

Respectfully submitted,

Willie Norwood, #A-72676
P.O. Box 112
Joliet, Illinois 60434-0112

OFFICIAL SEAL
Crystal L. Mason
Notary Public, State of Illinois
My Commission Exp. 11/10/2008

- 6 -

86

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS, )
           Respondent. )    Case No._____.
                    )
  -vs-              )    Indictment No.  83-6062
                    )
WILLIE NORWOOD, )    Honorable Judge
           Petitioner. )   . R. Sklodowski
                    )    Presiding.
                    )

## NOTICE OF FILING AND PROOF OF SERVICE

TO: Dorothy Brown
   Circuit Court Clerk
   2650 S. California Ave.
   Room 526
   Chicago, IL. 60608

TO: Richard A. Divine
   State's Attorney
   500 Richard J. Daley Center
   Chicago, Illinois 60602

PLEASE TAKE NOTICE, that on the 13 day of November, 2001, I
have caused the attached Motion for Appointment of Counsel, to be
sent to the above named parties.

Willie Norwood (Pro Se)
No. A-72676
P.O. Box 112
Joliet, IL. 60434

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct, one (1) original and
three (3) copies of the attached legal documents have been served
on the above named parties. The same being sent <u>via</u> the United
States Mail, with proper postage having been pre-paid at the
Stateville Correctional Center on/3ᵗʰ day of November, 2001.

Willie Norwood, (Pro Se)

SUBSCRIBED and SWORN to before me
this /3ᵗʰ day of November, 2001

NOTARY PUBLIC

> "OFFICIAL SEAL"
> SANDRA SCHWAB
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES 12/8/2001

87

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS, )
        Respondent. )
                        )
  -vs-                  )
                        )
WILLIE NORWOOD,       )
        Petitioner. )
                        )

Case NO._____.

Indictment No. 83-6062

Honorable Judge
R. Sklodowski
Presiding.

## MOTION FOR APPOINTMENT OF COUNSEL

Now comes Willie Norwood, (Pro Se), and respectfully moves this Honorable Court pursuant to the Illinois Post Conviction Hearing Act, and amended Act, and Code of Criminal Procedure, Sec. 725 ILCS 5/122.1, et. seq. and pursuant to pars. 122-2.1(a)(b), and par 122-4, and respectfully request that this Court Appoint . Counsel to represent petitioner, in the above entitled cause. In support thereof petitioner states as follows:

1. Petitioner filed a second post conviction petition on Sept 11, 1998 . Because the first post conviction petition was dismissed in a fundamentally deficient manner.

2. The Petition was not dismissed within the 90 day period. And has been scheduled for appointment of counsel since then.

3. Petitioner is a poor person without funds to defray the cost of these proceedings, and is unable to pay the cost of the proceedings.

4. Petitioner is without counsel, and is without means to procure counsel, and petitioner wishes that counsel be appointed to represent him in this proceeding.

5. This is petitioner's second request for the appointment of counsel in this cause.

WHEREFORE, petitionrer prays that leave to proceed in this cause as a poor person be granted and that counsel be appointed to represent the petitioner.

Respectfully Submitted,

Willie Norwood (Pro Se)

Subscribed and Sworn to before me
this /3_ day of November, 2001

NOTARY PUBLIC

"SEAL"
SANDRA SCHWAB
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/8/2001