UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. WILLIE NORWOOD, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 159 |
| TERRY MCCANN, Warden, | ) ) | The Honorable Ruben Castillo, |
| Respondent. | ) | Judge Presiding. |

## MOTION TO DISMISS PETITIONER'S
## § 2254 PETITION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and this Court's May 2, 2008 Order (Doc. 14), respondent TERRY MCCANN hereby moves to dismiss petitioner's petition for habeas relief (Doc. 7) because it is untimely under 28 U.S.C. § 2244.

**Background**

1.  Petitioner Willie Norwood, identified as prisoner number A72676, is in the custody of respondent Terry McCann, warden of the Stateville Correctional Center.

2.  In 1984, a Cook County jury found petitioner guilty of home invasion, armed robbery, and rape, in case number 83 C 6076. (Doc. 7 at 1). Petitioner was subsequently sentenced to life imprisonment as a habitual offender, having previously been convicted of murder and attempted armed robbery in Cook County case number

76-6736, (*available at* http://www.idoc.state.il.us/subsections/search/inms.asp), and rape in Cook County case number 73-3919. (Doc. 7 at 7).

3. Petitioner appealed his 1983 judgment of conviction, which the appellate court affirmed in 1985. (Doc. 7 at 2). Although petitioner states that the Supreme Court of Illinois did not affirm this conviction until 2007 (*id.*), state court records show that he never filed a petition for leave to appeal his direct appeal to the Supreme Court of Illinois. (Resp. Ex. A).

4. Petitioner pursued no appeals or collateral attacks on his conviction until 2005, (*id.*), when he filed a pro se petition for relief from judgment and a petition for state habeas corpus relief, both of which were denied. (Resp. Ex. B at 1). Petitioner appealed, and the state appellate court consolidated his appeals. (*Id.*). Appellate counsel moved to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987). (Resp. Ex. C). The appellate court granted leave to withdraw and affirmed the judgment denying petitioner's collateral pleadings. (Resp. Ex. B at 2). On March 28, 2007, the Supreme Court of Illinois denied petitioner's PLA. (Resp. Ex. D).

5. On January 3, 2008, petitioner signed the instant habeas petition, which this Court received on January 8, 2008, and docketed on March 25, 2008. (Doc. 1; Doc. 7). On April 2, 2008, this Court ordered respondent to answer or otherwise plead. (Doc. 10).

6. Petitioner contends that: (1) his life sentence is improper because the Habitual Criminal Act was not in effect at the time he committed the 1973 rape; and

(2) trial and appellate counsel were ineffective because they failed to raise this issue. (Doc. 7 at 5-6).

**Legal Standard**

The Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996, imposes a one-year statute of limitations on the filing of § 2254 habeas corpus petitions. Section 2244(d) provides as follows:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C § 2244(d).

**Argument**

Under § 2244(d), petitioner's habeas petition is untimely by several years. Petitioner's conviction became final long before AEDPA's effective date and therefore he was entitled to a one-year grace period — until April 24, 1997 — in which to timely file a § 2254 petition. *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Petitioner's § 2254 petition, signed on January 3, 2008, is thus untimely on its face. Petitioner had nothing pending in state court between April 24, 1996 (when AEDPA went into effect) and 2005, when he filed two collateral attacks in state court. Even assuming that those collateral attacks were "properly filed" under § 2244(d)(2), *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), there was nothing pending in state court that could have tolled the statute of limitations between 1996 and 2005. Thus, his AEDPA "clock" had already expired. The limitations period ran for over eight years before petitioner filed his state collateral attacks.

Petitioner has not argued that equitable tolling should excuse his untimely filing. *See, e.g.*, *Pace*, 544 U.S. at 418 (equitable tolling generally permissible only if petitioner demonstrates that he has been pursuing his rights diligently and some "extraordinary circumstance" prevented timely filing); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). Nothing on this record indicates that petitioner has been pursuing his rights diligently, or that any extraordinary circumstance not of petitioner's own making prevented him from complying with AEDPA's limitations period. Petitioner allowed decades to pass between his direct appeal and his collateral attacks on his conviction. Petitioner cannot claim that his pro se status

entitled him to equitable tolling.  *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (attorney negligence does not warrant equitable tolling); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (mistakes of law or unfamiliarity with legal procedures are not extraordinary circumstances warranting equitable tolling). Because petitioner is not entitled to equitable tolling, this Court should dismiss the petition with prejudice.

**Conclusion**

This Court should dismiss the habeas petition with prejudice.  If this Court disagrees, respondent requests 30 days from the entry of the Court's order denying this motion to answer the merits and address any procedural defenses to petitioner's claims.

June 2, 2008                                                    Respectfully submitted,

                                                                                           LISA MADIGAN
                                                                                           Attorney General of Illinois

By:    s/ Karl R. Triebel_____
       KARL R. TRIEBEL, Bar No. 6285222
       Assistant Attorney General
       100 W. Randolph Street, 12th Floor
       Chicago, Illinois 60601-3218
       PHONE: (312) 814-2391
       FAX: (312) 814-5166
       E-MAIL: ktriebel@atg.state.il.us

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 2, 2008, I electronically filed respondent's **Motion to Dismiss** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date I mailed by United States Postal Service the same to the following non-registered party:

Willie Norwood, A72676
Stateville Correctional Center
Route 53
P.O. Box 112
Joliet, Il 60434

                                        LISA MADIGAN
                                        Attorney General of Illinois

By:    s/ Karl R. Triebel_____
          KARL R. TRIEBEL, Bar No. 6285222
          Assistant Attorney General
          100 W. Randolph Street, 12th Floor
          Chicago, Illinois 60601-3218
          PHONE: (312) 814-2391
          FAX: (312) 814-5166
          E-MAIL: ktriebel@atg.state.il.us