No. 05-2682

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the |
| | ) | Circuit Court of Cook |
| | ) | County, Criminal Division |
| Respondent-Appellee, | ) | |
| | ) | Cir. No. 83C06076-01 |
| vs. | ) | |
| | ) | |
| WILLIE NORWOOD, | ) | Honorable |
| | ) | Joseph G. Kazmierski, |
| Petitioner-Appellant. | ) | Judge presiding. |

**MOTION TO WITHDRAW AS APPOINTED COUNSEL ON APPEAL BASED UPON
PENNSYLVANIA v. FINLEY (481 U.S. 551)**

The Public Defender of Cook County, Edwin A. Burnette, through his assistant, Rebecca L. Gold, respectfully moves this Honorable Court to grant him leave to withdraw as appointed counsel on appeal for Willie Norwood, the petitioner, in the above-numbered cause. In support of this motion, the following is stated:

1. A thorough analysis of the record on appeal resulted in a determination that no meritorious issues are present.

2. Pursuant to the requirements enunciated in Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), and in accordance with presently accepted practice in the Appellate Court and in the Office of the Public Defender, a memorandum of fact and law is submitted in support of this motion.

EXHIBIT C

3. In 1983, Mr. Norwood was convicted of rape, armed robbery, and home invasion. He was sentenced by the Honorable Robert Sklodowski to life imprisonment.

4. Mr. Norwood filed a *pro se* petition under for relief pursuant to 735 ILCS 5/2 1402(f) on or about January 6, 2005. The petition was dismissed by the Honorable Joseph Kazmierski on February 4, 2005. Mr. Norwood filed a timely notice of appeal on or about February 23, 2005. The appellate number assigned to that case was 05-0519.

5. On or about June 30, 2005, Mr. Norwood filed a *pro se* "Petition for State Habeas Corpus." This petition was denied by the Honorable Joseph Kazmierski on July 15, 2005. On August 11, 2005, Mr. Norwood filed a timely notice of appeal. The appellate number assigned to that case was 05-2682.

6. On June 12, 2006, this Honorable Court granted Mr. Norwood's Motion to Consolidate appeal number 05-2682 with appeal number 05-0519. The appeal was consolidated under number 05-2682.

7. Mr. Norwood is currently incarcerated at Stateville Correctional Center.

8. The undersigned counsel has read the entire record. Counsel has written to Mr. Norwood and explained the Finley procedure to him.

9. Counsel has invited Mr. Norwood to file his own response to this Finley motion, and has also invited him to call or write if he has any questions pertaining to these procedures or his appeal. Mr. Norwood has been sent a copy of his transcript.

10. Appellant's opening brief was due on July 5, 2006. The attached motion and supporting brief are being filed late due to counsel's other outstanding work obligations.

WHEREFORE, it is prayed that leave be granted to withdraw as appointed counsel on appeal.

                                             Respectfully submitted,
                                             EDWIN A. BURNETTE
                                             Public Defender of Cook County

                                             By: _____
                                                 Rebecca L. Gold
                                                 Assistant Public Defender

Public Defender of Cook County
Attorney for Petitioner-Appellant
69 W. Washington - 15th Floor
Chicago, IL 60602
312.603.0600

STATE OF ILLINOIS )
                  ) ss.
COUNTY OF COOK    )

## AFFIDAVIT

Rebecca L. Gold, being first duly sworn on oath, deposes and says that she is a duly appointed and acting Assistant Public Defender of Cook County, Illinois; that she has read the foregoing motion by her subscribed; that she knows the contents therein, and that they are true in substance and in fact.

                                               Rebecca L. Gold
                                               Assistant Public Defender

Subscribed and sworn to before me
this/4th day of July, A.D., 2006.

Notary Public

OFFICIAL SEAL
L'AMOUR HOLLOWAY-WHITE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-20-2009

No. 05-2682

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the |
| | ) | Circuit Court of Cook |
| | ) | County, Criminal Division |
| Respondent-Appellee, | ) | |
| | ) | Cir. No. 83C06076-01 |
| vs. | ) | |
| | ) | |
| | ) | |
| WILLIE NORWOOD, | ) | Honorable |
| | ) | Joseph G. Kazmierski, |
| Petitioner-Appellant. | ) | Judge presiding. |

**BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS APPOINTED COUNSEL ON APPEAL BASED UPON <u>PENNSYLVANIA v. FINLEY</u> (481 U.S. 551)**

<u>NATURE OF THE CASE</u>

The defendant, Willie Norwood, was convicted in 1984 of rape, armed robbery, and home invasion and sentenced to life imprisonment. (C. 2,5) Mr. Norwood filed a *pro se* petition for relief pursuant to 735 ILCS 5/2 1402(f) on or about January 6, 2005. (C. 6) The petition was dismissed by the Honorable Joseph Kazmierski on February 4, 2005. (R. 3) Mr. Norwood filed a timely notice of appeal on or about February 23, 2005. On or about June 30, 2005, Mr. Norwood filed a *pro se* "Petition for State Habeas Corpus." (C. 15) This petition was denied by the Honorable Joseph Kazmierski on July 15, 2005.

1

(Supp. II[1], 4) On August 11, 2005, Mr. Norwood filed a timely notice of appeal. (C. 31) On June 12, 2006, this Honorable Court granted Mr. Norwood's Motion to Consolidate both of these appeals under appellate number 05-2682.

## STATEMENT OF FACTS

Mr. Norwood was convicted of rape, armed robbery, and home invasion following a jury trial. (C. 5)  In January 2005, Mr. Norwood filed a *pro se* petition for relief pursuant to 735 ILCS 5/2 1401(f). West (2005) (Supp. I[2], 6) In this petition, Mr. Norwood alleged a due process violation relating to his sentence based on the Habitual Criminal Act in effect at the time of his sentencing in 1984. Ill. Rev. Stat., ch. 38, para. 33B-1, Section 33B-2. (1983) Mr. Norwood argued in this petition that he could not be sentenced as a habitual offender because the sentence relating to one of his prior convictions, which was used to qualify him as an habitual offender, had not yet expired. (Supp. I, 9)

On February 4, 2005, Judge Joseph Kazmierski granted the State's Motion to Dismiss[3] and entered an order dismissing Mr. Norwood's petition as being without merit. (R. 3) Mr. Norwood filed a timely notice of appeal on February 23, 2005.

---

[1]This abbreviation indicates a reference to the supplemental record originally filed under appellate number 05-0519.

[2]This abbreviation indicates a reference to the supplemental record originally filed under appellate court number 05-2682.

[3]Although it is referenced in the Record of Proceedings, the Common Law record does not contain a copy of the State's Motion to Dismiss Mr. Norwood's first *pro se* petition.

On June 30, 2005, Mr. Norwood filed a *pro se* Petition for State Habeas Corpus. (C. 15) Mr. Norwood once again challenged his sentence under the Habitual Criminal Act. Specifically, Mr. Norwood argued that his sentence as an habitual offender constituted a violation of due process and equal protection. (C. 17) He asserted that the 1978 version of the Habitual Criminal Act expressly stated that the Act should not apply unless the first felony was committed after the effective date of the Act. Ill. Rev. Stat. 1978, ch. 38, para. 33B-1(c) (1978). Mr. Norwood explained that, despite the language of the 1983 amended Habitual Criminal Act, which omitted the language requiring the first felony to be committed prior to the effective date of the Act, the legislature never intended this statute to apply retroactively. (C. 18) Based on this understanding of the statute, Mr. Norwood argued that his 1973 rape conviction and 1976 murder conviction could not be considered for purposes of sentencing under the Habitual Criminal Act. (C. 19)

On July 15, 2005, Judge Kazmierski denied Mr. Norwood's *pro se* Petition for Habeas Corpus, finding that the issues raised in the petition had been addressed in prior post-conviction proceedings, and were also addressed on appeal. (Supp. II, 4)

## ARGUMENT

I.  **Sentencing under the Habitual Criminal Act does not require the expiration of the sentence for either or both of the prior convictions at the time of sentencing for the third conviction.**

Mr. Norwood argued in his *pro se* petition for relief, pursuant to 735 ILCS 5/2 1401(f), that he could not be sentenced as a habitual offender because the sentence relating to one of his prior convictions, which was used to qualify him as an habitual offender, had not yet expired. (Supp. I, 9) He reasoned that because he was still on parole for his conviction for murder under indictment number 763766, and had not been released or discharged from this sentence, this conviction could not be considered a prior conviction for purposes of the Habitual Criminal Act. (Supp. I, 9)

It seems that the basis of Mr. Norwood's argument is the specific language in Ch. 38, Section 33B-2(b) which states that:

> "a duly authenticated copy of the record of the defendant's final release or discharge from probation granted, or from sentence and parole supervision (if an) imposed pursuant to such former conviction, shall be prima facie evidence of such release or discharge." Ill. Rev. Stat. Ch. 38, Sect. 33B-2(b) (1983)

However, in his argument, Mr. Norwood overlooks the first part of this particular provision, which provides that, as an alternative to evidence of final release or discharge:

> "a duly authenticated copy of the record of ay alleged former conviction of an offense set forth in Section 33B-1 shall be prima facie evidence of such former conviction." Ill. Rev. Stat. Ch. 38, Sect. 33B-2(b) (1983)

It has been established by the Illinois Supreme Court that the cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature, and

4

that the best evidence of this intent is the plain language of the statute. People v. McClure, 218 Ill.2d 375, 381-382, (2006), citing People v. Donoho, 204 Ill.2d 159, 171, (2003), People v. Martinez, 184 Ill.2d 547 (1998). Furthermore, courts should consider the statute as a whole, "so that no part of it is rendered meaningless or superfluous." McClure, at 382, citing People v. Jones, 214 Ill. 2d 187, 193 (2005). Thus, under the plain meaning of the statute, either proof of the former convictions *or* evidence of final release and discharge from the sentences imposed for the prior convictions shall provide the prima facie evidence necessary to satisfy the statute.

Based on the above, it is impossible to make a meritorious argument on appeal that applies to Mr. Norwood. No issues of arguable merit can be made that the dismissal of Mr. Norwood's 2-1401 petition was in error.

II. **The Habitual Criminal Act applies to convictions occurring prior to the date that it was enacted.**

Mr. Norwood argued in his *pro se* Petition for State Habeas Corpus that his sentence under the Habitual Criminal Act constituted a violation of due process and equal protection. (C. 17) He asserted that the 1978 version of the Habitual Criminal Act expressly stated that the Act should not apply unless the first felony was committed after the effective date of the Act. Ill. Rev. Stat. ch. 38, para. 33B-1(c) (1978) Mr. Norwood explained that, despite the language of the 1983 amended Habitual Criminal Act, which omitted the language requiring the first felony to be committed prior to the effective date of the Act, the legislature never intended this statute to apply retroactively. (C. 18)

5

Based on this understanding of the statute, Mr. Norwood argued that his 1973 rape conviction and 1976 murder conviction could not be considered for purposes of sentencing under the Habitual Criminal Act. (C. 19)

The Appellate Court sitting in the first district has held that the Habitual Criminal Act does not violate the due process clause of the United States Constitution or the Illinois State Constitution. People v. Gaston, 259 Ill. App. 3d 869, 631 N.E.2d 311. Furthermore, the Illinois Supreme Court has established that it is not a violation of the *ex post facto* clauses of the State and Federal Constitutions to sentence a defendant as an habitual criminal, even though two of the prior convictions occurred before the Habitual Criminal Act was enacted. People v. Dunigan, 165 Ill. 2d 235, 650 N.E.2d 1026.

Furthermore, Mr. Norwood's claims do not constitute an appropriate basis for Habeas Corpus relief. Causes to file a Writ of Habeas Corpus Petition under Section 10-124 under the Illinois Code of Civil Procedure are the following: 1) Where the court has exceeded the limit of its jurisdiction, either as to the matter, place sum or person; 2) Where though the original imprisonment was lawful, nevertheless, by some act, omission or event which has subsequently taken place, the party has become entitled to be discharge; (3) Where the process is defective in some substantial form required by law; 4) Where the process though in proper form, has been issues in a case or under the circumstances where the law does not allow the process to issue or orders to be orders to be entered for arrest or imprisonment; 5) Where, although in proper from, the process has

been issues in a case or under circumstances unauthorized to issue or execute the same, or where the person having the custody of the prisoner under such process is not the person empowered by law to detained him or her; 6) The process appears to be obtained by false pretenses or bribery; 7) Where there is not general law, or judgement or order of a court to authorize the process in a civil action, nor any conviction in a criminal proceeding. No court, on the return of a habeas corpus, shall, in any other matter, inquire into the legality or justice of a judgement of a court legally constituted. 735 ILCS 5/10-124.

Based on the above, it is impossible to make a meritorious argument on appeal that applies to Mr. Norwood. No issues of arguable merit can be made that the dismissal of Mr. Norwood's Petition for Habeas Corpus was in error.

## CONCLUSION

For all of the reasons stated above, the Office of the Public Defender of Cook County respectfully requests that it be allowed to withdraw from representing the petitioner in this appeal.

Respectfully submitted,

EDWIN A. BURNETTE
Public Defender of Cook County
69 W. Washington - 15th Floor
Chicago, IL 60602
312.603.0600
Attorney for Petitioner-Appellant

REBECCA L. GOLD
Assistant Public Defender
Of Counsel.